■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. BERNARD BELLOWS, Appellant.— Judgment unanimously modified on the law and facts and in the exercise of discretion by reducing the sentence imposed April 7, 1969 to the time already served, and as so modified affirmed. Memorandum: Following his plea of guilty to a charge of assault second degree with intent to commit sodomy appellant was on February 7, 1951 sentenced to a term of one day to life. He was paroled June 14, 1956 and returned to prison for a violation of his parole July 17, 1958, again paroled August 3, 1966 and on January 9, 1967 returned to prison for a violation of parole. On August 10, 1968 Cayuga County Court sustained a writ of habeas corpus and ordered appellant returned to Yates County for the purpose of having his sentence vacated and set aside and being re-examined in accordance with section 2189-a of the Penal Law and given a hearing under *People* v. *Bailey* (21 N Y 2d 588) prior to his being resentenced. On resentence April 7, 1969 appellant, then 52 years of age and having already served over 15 years in prison, was again sentenced to one day to life. Judge KEATING in *People* v. *Bailey* (21 N Y 2d 588) set the guidelines to be observed in the imposition of such a sentence. In challenging the contention that the sentencing court has " complete discretion " to impose such a sentence he stated : " An examination of the statutory purpose as well as the weight of judicial authority indicate that the discretion of the sentencing Judge to mete out a one day-to-life sentence is limited to those cases in which the record indicates some basis for a finding that the defendant is a danger to society or is capable of being benefited by the confinement envisaged under the statutory scheme. Absent such a basis, the sentence cannot stand (*People* v. *Jackson,* 20 A D 2d 170, 174 [1963], 21 A D 2d 843 [3d Dept., 1964]; *People ex rel. Piatt* v. *La Vallee,* 26 A D 2d 904 [4th Dept., 1966]; *People ex rel. Chumley* v. *Mancusi,* 26 A D 2d 905 [4th Dept., 1966] " (p. 594). In view of the entire record before the court from which it would appear that appellant's problem is essentially one of alcoholism, that he would not benefit from continued incarceration and that he would not at this time be any more of a danger to society than any other alcoholic, we conclude that the reimposition of a one day to life sentence in April, 1969 following appellant's long confinement under the one day to life sentence imposed in 1951 was an improvident exercise of discretion and that such record discloses a proper case for the modification of the sentence under the authority of section 543 of the Code of Criminal Procedure. (Appeal from Judgment of Yates County Court resentencing defendant following a hearing.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel. CLIFFORD A. CROSS, Appellant, v. VINCENT R. MANCUSI, as Warden of Attica State Prison, Respondent.— Appeal unanimously dismissed as academic. Memorandum: It appears that relator has served his maximum term and he has been discharged. (Appeal from judgment of Wyoming County Court dismissing writ of habeas corpus.) Present — Del Vecchio, J. P., Marsh, Gabrielli, Moule and Bastow, JJ.