■ THE PEOPLE OF THE STATE OF NEW YORK, v KEVIN HIEMEL, Appellant.—Appeal by defendant, as limited by his brief, from a sentence of the Supreme Court, Kings County, imposed upon resentence on January 22, 1975, upon his conviction of murder in the second degree, on his plea of

guilty, the sentence being a prison term of 30 years to life. Sentence modified, as a matter of discretion in the interest of justice, by reducing it to a prison term of 20 years to life. As so modified, sentence affirmed. In 1962, defendant, then 16 years of age, was indicted for murder in the first degree but was permitted to plead guilty to murder in the second degree and was sentenced to a prison term of 30 years to life. Pursuant to a successful challenge under *People v Montgomery* (24 NY2d 130), the sentence was vacated and, on January 22, 1975, he was resentenced to the same term. On this appeal we have before us a letter dated May 22, 1975 from the Education Director of the Auburn Correctional Facility stating that defendant earned his high school regents diploma, was the first person to earn the Associate in Arts degree from the University of the State of New York without attending outside classes, has been continuing his studies for a Bachelor of Arts degree, has written short stories, several of which have been published, has always been studious, polite and well mannered and was a good example of rehabilitation through education. We also have before us a letter dated June 12, 1975 from the University of the State of New York, regents external degree, which states that defendant has shown exceptional motivation and discipline in his educational endeavors, is well prepared for employment and graduate study, and has a definite contribution to make to society and that "there is nothing to be gained by his continued incarceration." This appeal, in our view, demonstrates a classic example of the rehabilitation heights attainable within our existing penal system by an inmate desirous of taking advantage of the educational facilities available. It is a fitting goal to other inmates similarly incarcerated. Accordingly, we are reducing the minimum sentence in order to afford the parole board the opportunity to further evaluate this defendant. Hopkins, Acting P. J., Cohalan, Christ, Brennan, and Munder, JJ., concur.