■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOSEPH W. JORDAN, Appellant.—Appeal from a judgment of the County Court of Rensselaer County, rendered April 8, 1976, convicting defendant, upon his plea of guilty, of the crime of robbery in the first degree. Defendant was charged in a six-count indictment with commission of the crimes of robbery in the first degree; rape, first degree; sodomy, first degree; two counts of burglary in the first degree and attempted murder in the second degree. He was allowed to plead guilty to the first count of the indictment, a class B felony, in satisfaction of the entire indictment. Defendant was sentenced to a term of imprisonment having a maximum of 15 years which was well within the 25-year maximum allowable sentence. The conduct engaged in by defendant in the commission of this crime was of a brutal and vicious character. The imposition of sentence is within the discretion of the sentencing court and an appellate court should not interfere with such discretion, absent extraordinary circumstances *(People v Reep,* 54 AD2d 594; *People v Dittmar,* 41 AD2d 788; *People v Caputo,* 13 AD2d 861). In view of defendant's past criminal history, his failure to rehabilitate himself after previous incarceration, the extremely violent nature of the instant crime and upon the information contained in the presentence report, we cannot say that the court abused its discretion in imposing this sentence. Extraordinary circumstances warranting modification are not here present. We note that *People v Hiemel* (49 AD2d 769) and *People v Bellows* (33 AD2d 641), both cited by defendant in his brief, are factually distinguishable from the case at bar and, thus, are not applicable here. Each case involved the modification of resentences. These resentences were imposed several years after the original sentences were pronounced and were for the same length of imprisonment as was initially given by the sentencing court. We obviously do not have that situation here. Judgment affirmed. Sweeney, J. P., Kane, Mahoney, Mikoll and Herlihy, JJ., concur.