■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MICHAEL CANFIELD, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered June 14, 1978, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the first degree, and sentencing him to an indeterminate term of imprisonment of not less than two years nor more than six years. The first count of a two-count indictment returned by the Albany County Grand Jury on February 9, 1978 charged the defendant as follows: "FIRST COUNT: Criminal Possession of a Forged Instrument in the First Degree in violation of section 170.30 of the Penal Law of the State of New York, a Class C Felony, in that the defendant, on or about the 4th day of November, 1977, at approximately 1:05 P.M., at 980 Central Avenue in the City of Albany, County of Albany, State of New York, did, with knowledge that it was forged and with intent to defraud, deceive or injure another, utter or possess a forged instrument of a kind specified in Section 170.15, to wit: at the aforesaid date, time and place the defendant did with knowledge that it was forged and with intent to defraud one Richard Van Valkenburg, possess a forged instrument consisting of five previously cashed New York State lottery tickets." The defendant does not, upon this appeal, dispute the trial evidence that on November 4, 1977 he attempted to cash five lottery tickets by offering them to a Mr. Van Valkenburg, but the offer was refused because Mr. Van Valkenburg observed that the box on the reverse side of the tickets for an agent's license number had been tampered with. The defendant contends that tampering with a lottery agent's number on the reverse side of a lottery ticket does not constitute forgery. However, subdivision 2 of section 170.00 of the Penal Law expressly includes such item as a part of the main instrument. An examination of sections 170.00 and 170.15 of the Penal Law leaves no doubt as to the event charged and proven being sufficient for the crime of forgery pursuant to section 170.30 of the Penal Law. The further contention of the defendant that the language of the accusation in the indictment is insufficient in view of the requirements of CPL 200.50 (subd 7) is likewise without any merit in view of the recent decision of the Court of Appeals in the case of *People v Jackson* (46 NY2d 721). The meaning of the words "forged instrument" is not ambiguous in reference to the statutes. Finally, the defendant urges that the sentence was unduly harsh and excessive. However, there is nothing presented by defendant that would support such an interference by this court *(People v Jordan,* 59 AD2d 626; *People v Caputo,* 13 AD2d 861). Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Main and Herlihy, JJ., concur.