■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM RODRIGUEZ, Appellant.—Judgment unanimously reversed, and new trial granted. Memorandum: Defendant appeals from his conviction after a jury trial of arson, second degree, stemming from a fire on August 16, 1978 which substantially destroyed a building known as the Villani building located in Lyons, New York. At trial, Harold Mann testified that defendant offered to pay him $100 for burning the Villani building, that he did burn the building, and that defendant later gave him some money. Mann subsequently contacted the FBI and agreed to help obtain evidence in exchange for immunity. Thereafter, FBI agents wired him with a tape recorder equipped with a transmitter which permitted the agents to monitor the conversation in a nearby vehicle. On both occasions, Mann met with defendant and taped the ensuing conversations. The People did not attempt to lay the foundation for admission of the tapes by eliciting testimony of Mann concerning the contents of the two conversations but rather by introducing the testimony of FBI Special Agents Coyne and Puckett and Wayne County Sheriff's Department Criminal Investigator Pisciotti who monitored the conversations. Agent Coyne and Investigator Pisciotti testified that on September 8, 1978, while parked nearby, they heard over the radio only part of the conversation between defendant and Mann. Investigator Pisciotti stated that the sound "fadded in and out" and at times was inaudible. Agent Coyne stated that he also monitored the second recording on September 15, 1978 but could not specifically recall the conversation which took place. Agent Puckett, who accompanied Agent Coyne on that occasion, stated after listening to the tape which was admitted into evidence that it was a tape of the conversation he heard on September 15. Over objection, the court permitted the jury to hear redacted versions of the two tapes. This was error. A foundation for admission of a recording not within the purview of CPL article 700 may be established by the testimony of a participant to the conversation or of someone who heard a simultaneous transmission thereof to the effect that "the conversation has been accurately and fairly reproduced" *(People v McGee,* 49 NY2d 48, 60; *People v Arena,* 65 AD2d 182, affd 48 NY2d 944; *People v Goldfeld,* 60' AD2d 1, 8-9). Here, Mann, the only participant to the conversations with defendant, did not testify concerning the substance of the conversations. The testimony of the officers who monitored the conversations is insufficient to establish that the tapes and transcripts "accurately and fairly reproduced" the conversations between Mann and defendant. Neither officer who monitored the September 8 conversation heard the complete exchange and neither testified that the portions he did hear were accurately and fairly represented by the tapes. One officer who was present when the September 15 conversation was recorded did not recall having heard the conversation as reflected in the

transcript and the other, although he recalled hearing the exchange, did not testify that the tape was a fair and accurate representation of what he heard. Therefore, the foundation for admission of the tapes was insufficient. We find the other points raised by defendant to be without merit. If the tapes are admitted upon retrial, the court should scrutinize the tapes and redact those portions which in its opinion are not relevant as admissions or proof of the crime in question and which relate to uncharged crimes. (Appeal from judgment of Wayne County Court—arson, second degree.) Present—Dillon, P. J., Hancock, Jr., Schnepp, Doerr and Moule, JJ.