■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL W. FRUEHWIRTH, Appellant. — Appeal from a judgment of the County Court of

Albany County (Harris, J.), rendered July 17, 1979, convicting defendant upon his plea of guilty of the crime of criminal possession of a forged instrument in the second degree. In an indictment dated March 8, 1979, defendant was charged with the crimes of criminal possession of a forged instrument in the second degree and grand larceny in the third degree. At a suppression hearing held on June 6, 1979, defendant, for the first time, requested a change of counsel. This request was denied as was a subsequent request by defendant to defend *pro se*. Thereafter, defendant retained new counsel and a *Sandoval* hearing was held with the court concluding that defendant could be cross-examined concerning certain prior convictions. Following the commencement of the trial and after the presentation of some evidence to the jury, defendant entered a plea of guilty of the crime of criminal possession of a forged instrument in the second degree in full satisfaction of the indictment. He was sentenced as a second felony offender to an indeterminate term of imprisonment with a maximum term of four years and a minimum term of two years. This appeal ensued. Initially, defendant argues that the court improperly denied his request for a change of counsel. While a defendant has the constitutionally guaranteed right to be defended by counsel of his own choosing, such right may not be employed as a means to delay judicial proceedings *(People v Arroyave,* 49 NY2d 264). Considering that defendant's request for a change of counsel was not made until immediately prior to commencement of the suppression hearing and that no explanation was given as to why such a request was not made at an earlier time, we find no abuse of discretion in the court's refusal to accede to defendant's request (see *People v Medina,* 44 NY2d 199). It is also maintained by defendant that he was improperly denied the right to defend *pro se*. During the suppression hearing defendant stated "If I may, your Honor, I would like to represent myself." His request was denied. In order to invoke the right to defend *pro se* it is necessary, among other things, that the request be unequivocal and timely asserted *(People v McIntyre,* 36 NY2d 10, 17). It is our opinion that defendant's request was neither unequivocal nor timely asserted and, consequently, his request was properly denied. Concerning the *Sandoval* hearing, defendant contends that the court erred in granting permission to allow cross-examination regarding his prior convictions of burglary in the second degree and petit larceny. We find, however, no abuse of discretion or reversible error in the court's ruling on this issue (see *People v Duffy,* 36 NY2d 258; *People v Sandoval,* 34 NY2d 371, 377). As agreed upon during plea bargaining negotiations, defendant was sentenced as a second felony offender to an indeterminate term of from two to four years. We find no extraordinary circumstances present concerning the imposition of sentence and, accordingly, the sentence should not be disturbed *(People v Jordan,* 59 AD2d 626). The judgment must be affirmed. Judgment affirmed. Sweeney, J. P., Main, Mikoll, Weiss and Herlihy, JJ., concur.