■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GLENN TENNANT, Appellant. — Appeal from a judgment of the County Court of Otsego County (Mogavero, Jr., J.), rendered October 18, 1982, upon a verdict convicting defendant of the crime of grand larceny in the third degree. Although the record supports the trial court's conclusion that defendant's conduct in dis-

---

[*] Freshy's chapter 11 proceeding in Bankruptcy Court was dismissed by order entered April 15, 1981.

charging retained counsel and failing to use due diligence to obtain replacement counsel constituted a delaying tactic, the court erred in compelling defendant to proceed to trial *pro se* without undertaking a sufficiently searching inquiry of defendant to determine whether defendant appreciated the dangers and disadvantages of abandoning the right to be represented by counsel. Accordingly, there must be a new trial. When defendant appeared on the date the case was first called to trial, he advised the court that he had discharged retained counsel who had represented him throughout the preliminary proceedings. Defendant indicated that he was not indigent, that he did not need a court-appointed lawyer and that he would retain substitute counsel. Defendant thereafter appeared a number of times without counsel. Each time he offered inadequate excuses for his inability to retain new counsel, and each time the court directed defendant to find counsel and warned defendant that his failure to do so could not be used as a means of delaying the trial. Finally, the trial court appointed the Public Defender as "standby counsel" to aid defendant if he requested help and the matter proceeded to trial, with defendant appearing *pro se*. He was convicted of grand larceny in the third degree as charged in the indictment. The trial court was understandably and justifiably concerned that defendant's decision to change counsel and his claimed inability to retain new counsel constituted a delaying tactic (see *People v Fruehwirth,* 83 AD2d 975, 976). We conclude that although defendant did not express a desire to proceed *pro se,* he could, through his conduct, evince an intent to abandon or relinquish the right to be represented by counsel (see *People v Sawyer,* 57 NY2d 12, cert den __ US __, 103 S Ct 830; see, also, *Faretta v California,* 422 US 806). In *People v Sawyer (supra),* the defendant was compelled to proceed to trial *pro se* after he had repeatedly refused to co-operate with assigned counsel and demanded that other counsel be assigned. The Court of Appeals held that the trial court erred in so doing without undertaking "a sufficiently 'searching inquiry' of the defendant to be reasonably certain that the 'dangers and disadvantages' of giving up the fundamental right to counsel have been impressed on the defendant" (*id.,* at p 21). We see no reason not to apply the same rule where, as here, the defendant is not indigent and has sufficient means to employ retained counsel. The purpose of the inquiry is to ensure that defendant's waiver of the right to counsel is "knowing and intelligent" (*id.;* see, also, *People v McIntyre,* 36 NY2d 10, 17). That the defendant's waiver occurs through his refusal to retain counsel, rather than a refusal to co-operate with assigned counsel, does not obviate the need for the inquiry in order to fulfill that purpose. The rule calls "for special inquiry before a defendant may proceed *pro se*" (*People v Sawyer, supra,* p 21), and it applies whether the waiver occurs through an expressed desire to proceed *pro se* (*People v McIntyre, supra,* p 17) or through conduct evincing an intent to abandon the right to be represented by counsel (*People v Sawyer, supra*). Although the trial court was unaware of the requirements of *People v Sawyer (supra),* which was decided after the trial herein, *Sawyer* must be applied retroactively since the right to counsel is involved (see *People v Albro,* 73 AD2d 73, 76, 76 AD2d 181, affd 52 NY2d 619; see, also, *People v Harris,* 58 NY2d 704). The People contend that the trial court's appointment of "standby counsel" satisfied the requirements of *People v Sawyer (supra).* In *Sawyer (supra,* p 21), the court noted that where a defendant chooses to represent himself, the trial court has the authority to appoint "standby counsel" to assist defendant in the event that he requests help or to represent defendant if the self-representation must be terminated. That power, however, is discretionary, involving a matter of trial management (*People v Mirenda,* 57 NY2d 261, 266). The appointment of "standby counsel" after a defendant relinquishes his right to be represented by counsel is not an alternative to the searching inquiry

required by *People v Sawyer* (*supra*), since the inquiry is necessary to determine whether, in the first instance, defendant's decision to forego representation by counsel is "knowing and intelligent". Defendant also contends that since he was not brought to trial within six months of the commencement of the criminal proceeding, his motion to dismiss should have been granted (CPL 30.30, subd 1, par [a]). The trial court refused to entertain defendant's *pro se* motion on the ground that defendant had not yet been granted permission to represent himself. In view of the trial court's subsequent decision to compel defendant to proceed to trial *pro se,* the refusal to consider the merits of his *pro se* motion to dismiss, which was not patently frivolous, was error.[*] Since the matter must be remitted for a new trial, we decline to pass on the merits of the motion, leaving initial resolution of the issue for the trial court. In view of the reversal and remittal for a new trial, we need not pass on the sufficiency of the evidence adduced at the trial. Judgment reversed, on the law, and a new trial ordered. Sweeney, J. P., Casey, Yesawich, Jr., Weiss and Levine, JJ., concur.

---

[*] The record reveals that defendant apparently resubmitted his motion to the Surrogate, who was authorized to act as County Judge in the County Judge's absence. Neither party has discussed the Surrogate's decision, which denied defendant's motion after the trial had been concluded. Since the Surrogate questioned his own jurisdiction over the matter, and in view of the procedural irregularity, we treat the decision as a nullity.