■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANTONIO NAVARRO, Appellant. — Appeal from a judgment of the County Court of Ulster County (Vogt, J.), rendered June 16, 1980, upon a verdict convicting defendant of the crimes of kidnapping in the first degree, rape in the first degree, sodomy in the first degree, robbery in the first degree and burglary in the second degree. On the evening of March 13, 1979, 15-year-old Christine Hughes was abducted in her mother's car by two men, later identified as defendant and one David Cruz. She was taken to a trailer in Ulster County which defendant and Cruz forcibly entered. Christine was held overnight, threatened with a knife, raped and sodomized. The next morning, defendant and Cruz left Christine in a woodshed and stole a car and money at knifepoint from a neighboring farmer, thereby making their escape. Defendant and Cruz were thereafter arrested. Cruz pleaded guilty to rape and defendant was indicted for the crimes of kidnapping in the first degree, rape in the first degree, sodomy in the first degree, robbery in the first degree, and burglary in the second degree. At the time of the suppression hearing, defendant asked that his assigned counsel be replaced. His request was denied and defendant elected to proceed *pro se* rather than be represented by his counsel. The trial court directed his counsel to stand by in an advisory capacity should defendant choose to consult with him. When defendant's trial was called, defendant again repeated his request for new counsel, which was again denied, with the trial court urging defendant to proceed with counsel but allowing him to proceed *pro se*. Defendant represented himself through part of the trial but finally agreed to allow assigned counsel to take over his defense. After conviction, defendant was sentenced to the maximum sentences on all five counts of the indictment, the sentences to run concurrently. This appeal ensued. Defendant urges as grounds for reversal that the prosecution failed to prove a prima facie case, that the sentences imposed were harsh and excessive, and that he was denied his right to counsel. Defendant's first two contentions are without substance. The record amply supports the jury's finding of guilt and the sentence imposed. Defendant also asserts that his right to counsel was denied by allowing or forcing him to represent himself and by denying him the right to reasonably object to his appointed Public Defender. As to the latter contention, an indigent defendant has no absolute right to a choice of assigned counsel, absent a showing of good cause for the substitution (*People v Sawyer*, 57 NY2d 12, 18-19, cert den __ US __, 103 S Ct 830). However, before a criminal defendant may represent himself, the trial court must undertake a searching inquiry on the record to determine whether defendant appreciates the dangers and disadvantages of proceeding *pro se* (*People v Sawyer, supra; People v Tennant*, 96 AD2d 671; see *Faretta v California*, 422 US 806). The inquiry serves the purpose of ensuring that defendant's waiver of the right to counsel was "knowing and intelligent" (*People v Sawyer*, 57 NY2d 12, 21, *supra; People v McIntyre*, 36 NY2d 10, 17). Appointment of "standby counsel" is not an alternative to the required searching inquiry (*People v Tennant*, 96 AD2d 671, *supra*). The People contend that the trial court conducted just such an inquiry and that defendant's right to counsel was knowingly and intelligently waived. The record reveals that the hearing court conducted an inquiry into defendant's age, educational background and familiarity with the criminal justice system (see *People v McIntyre*, 36 NY2d 10, 17, *supra*). Defendant's self-representation was of a very limited duration, during which time he consulted with his assigned standby counsel.

We see no evidence that defendant's right to counsel was abrogated. Assuming, *arguendo*, that the trial court's failure to make such an inquiry was error, we nevertheless find it to be harmless error in the circumstances of this case as the record reveals that defendant received a fair trial and there is no reasonable possibility that the error might have contributed to defendant's conviction (*People v Crimmins*, 36 NY2d 230, 237-238). Judgment affirmed. Sweeney, J. P., Mikoll, Yesawich, Jr., Weiss and Levine, JJ., concur.