■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ABRAHAM RODRIGUEZ, Appellant. — Judgment unanimously modified by vacating the sentence imposed and, as modified, affirmed, and defendant remanded to Supreme Court, Wayne County for resentencing, in accordance with the following memorandum: Defendant was convicted by a jury after a retrial (see *People v Rodriguez,* 78 AD2d 769) of arson, second degree, arising from the alleged hiring of another to burn a building. On appeal, among several grounds for reversal, he argues that he was deprived of his constitutional right to the effective assistance of counsel because the court would not assign him a different attorney and would not permit him to represent himself *pro se.* On January 30, 1981, the day set by the court for commencement of the trial, defendant sought to have his court-appointed attorney, Mr. Gilmore, who had conducted the appeal after defendant's first trial, replaced. The court granted an adjournment over the prosecutor's objection to permit defendant to retain his own private counsel. On March 23, 1981, after it appeared that defendant's efforts to secure counsel had not been successful and that he would need court-assigned counsel, he again objected to Gilmore, claiming that he had not moved for a reduction of bail or made certain other motions and also claiming for the first time that Gilmore had a conflict of interest. It appeared after inquiry by the court that defendant's statements concerning the bail hearing

and other motions were unfounded; and the only basis for the alleged conflict was that Gilmore and attorney Villani, the owner of the building which had been burned, had been partners seven years earlier for a two-year period during which Villani did not own the building, an association to which defendant had not objected when Gilmore had discussed it with him prior to representing him on the appeal. There is no suggestion that Gilmore had or ever had had any interest (either through legal representation or involvement in business or financial matters) which would conflict with his representing defendant. The court, accordingly, denied the motion to discharge Gilmore but gave defendant an additional short adjournment upon his representations that he had talked with an attorney, Mr. Mackler, who had agreed to take over the defense. On March 25, 1983 it appeared that no lawyer including Mackler had been retained by defendant and jury selection began on that day. When *voir dire* had been in progress for some time, defendant again requested that the court assign a different attorney and moved to represent himself *pro se*. The court declined to discharge Gilmore and to permit defendant to assume responsibility for his defense by proceeding *pro se*. It did, however, decide to allow defendant to participate in his trial by asking questions of prospective jurors, examining witnesses after they had been questioned by Gilmore, calling his own witnesses and making a summation after Gilmore had made his. It declined to permit defendant to make an opening statement. We find no error in the court's refusal to discharge attorney Gilmore and to substitute another court-appointed attorney in his place (see *People v Sawyer*, 57 NY2d 12, 18-19). While an indigent defendant has a right to a court-appointed lawyer, he does not have a right to his choice of assigned counsel (*People v Sawyer, supra*, pp 18-19) or to have his assigned counsel removed unless good cause for removal is shown (*People v Sawyer, supra*). We find in this record no support for any of defendant's complaints concerning the handling of the matter by attorney Gilmore, an experienced criminal trial lawyer who had served as public defender. We agree also with the court's conclusion that Gilmore's past association with Villani did not constitute a conflict of interest requiring his removal. The court also properly denied defendant's request to proceed *pro se*. Defendant, who throughout the trial requested assignment of a different attorney, never made an "unequivocal" (*People v McIntyre*, 36 NY2d 10, 17) request to defend *pro se*. Nor was there a knowing and voluntary waiver of defendant's right to counsel. On the contrary, defendant consistently stated that he wanted the assistance of a lawyer but not the lawyer who had been assigned. Moreover, defendant, although ostensibly seeking the right to proceed *pro se*, repeatedly made statements for the record pertaining to his lack of education, his language difficulties and his lack of experience and ability in courtroom procedures which would have made it error to have granted his request (see *People v McIntyre, supra*, p 17). Although defendant does not raise the issue, we note that there was no error of law in allowing defendant to participate in his own defense. While a defendant who is represented by counsel in a criminal case has no absolute right to participate, the court may, in the exercise of its discretion, permit participation by the defendant to the extent it finds it appropriate (see *People v Richardson*, 4 NY2d 224, 228-229; *People v Hazen*, 94 AD2d 905; *People v Powell*, 98 Misc 2d 460; Ann., 77 ALR2d 1233). Under the particular circumstances of this case, we find no abuse of discretion in the permission to participate granted to defendant, who was being advised and assisted by several friends and who, despite his protestations to the contrary, appears to have been experienced and knowledgeable in matters pertaining to the defense of a criminal case. Inasmuch as defendant did not waive his constitutional right to representation and did not proceed in his defense without the assistance of counsel, an inquiry for the purpose of

ensuring that defendant's waiver was competent, intelligent, and voluntary (see *People v McIntyre, supra,* p 17) was not called for (see *People v Hazen, supra,* p 908, Mahoney, P. J., concurring). It should be noted that defendant does not argue that he was deprived of a fair trial by being permitted to participate in his own defense. Rather, he argues that he was prejudiced by the court's denial of his requests to discharge Gilmore and to proceed *pro se.* We cannot agree. There is no basis for faulting Gilmore's conduct of the trial. Despite the difficulties of representing a client who was openly antagonistic toward his counsel and the court, Gilmore succeeded in presenting a coherent defense, which, contrary to defendant's assertions, did not undercut but supported the theory offered by defendant. Any confusion or disharmony that may have resulted from the joint representation we think must be charged not to Gilmore but to defendant's participation and the defense tactics he adopted over which Gilmore had no control. We cannot conclude on this record that the defense presented by Gilmore and defendant, viewed as a whole, did not amount to "meaningful representation" (*People v Baldi,* 54 NY2d 137, 147). We find the testimony of the accomplice, Harold Mann, to have been sufficiently corroborated and the evidence sufficient to sustain the conviction and reject defendant's arguments to the contrary. Defendant's sentence of 6 to 18 years, the minimum of which is more severe than that of his sentence on the first trial (0 to 25 years) is vacated and the matter remitted for resentencing because the court failed to place on the record its reasons for imposing on the retrial a more severe sentence (see *North Carolina v Pearce,* 395 US 711, 726). We have examined the other points raised by defendant and find them to be without merit. (Appeal from judgment of Supreme Court, Wayne County, Curran, J. — arson, second degree.) Present — Hancock, Jr., J. P., Doerr, Green, O'Donnell and Moule, JJ.