■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v HERBERT LEACH, Appellant. — Appeal by defendant from a judgment of the County Court, Nassau County (Lawrence, J.), rendered November 18, 1980, convicting him of robbery in the first degree, upon his plea of guilty, and imposing sentence.

Judgment affirmed.

Under the circumstances of this case, it cannot be said that the County Court erred in denying defendant's motion for the assignment of new counsel, as the application was made just prior to the commencement of the suppression hearing and no reasons were stated in support thereof. While an indigent defendant is undoubtedly entitled to the assignment of competent counsel to represent him in a criminal action, "this is not to be equated with a right to [the] choice of assigned counsel" (*People v Sawyer,* 57 NY2d 12, 18-19, *cert denied* 459 US 1178; *see, People v Rodriguez,* 98 AD2d 961; *People v Navarro,* 96 AD2d 1126). " '[A]s long as assigned counsel are [persons] of ability and integrity, the discretion and responsibility for their selection rest[s] with the court' " (*People v Medina,* 44 NY2d 199, 207, quoting from *People v Brabson,* 9 NY2d 173, 181, *cert denied* 369 US 879). Thus, while trial judges have a continuing duty to carefully evaluate complaints concerning the performance of court-appointed counsel (*see, People v Sawyer, supra,* p 19), motions requesting the assignment of new counsel should not be granted casually, but for good cause shown (*see, People v Sawyer, supra,* pp 18-19; *People v Medina, supra,* pp 207-208; *People v Rodriguez, supra,* p 962; *see also, People v Fruehwirth,* 83 AD2d 975). Moreover, there is no indication that defendant's assigned counsel, described by the Trial Judge as one of the most competent in his county, handled the case in other than a competent and professional manner (*see, People v Jackson,* 61 AD2d 1071, *lv denied* 44 NY2d 954, *cert denied* 439 US 897; *People v Belknap,* 57 AD2d 970).

Further, the sentence imposed was not excessive. Gibbons, J. P., Thompson, Weinstein and Brown, JJ., concur.