■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DEREK CHISHOLM, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Queens County (Farlo, J.), rendered May 13, 1986, convicting him of robbery in the first degree and robbery in the second degree, upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

Under the circumstances of this case, it cannot be said that the trial court abused its discretion in denying the defendant's application for the assignment of new counsel, since good cause therefor was not shown. The defendant's application for new assigned counsel was first stated during jury selection and his criticism of counsel was not made with sufficient specificity to be evaluated *(see, People v Medina,* 44 NY2d 199; *People v Leach,* 108 AD2d 871). The defendant's claim that counsel was not familiar with his case is belied by the record which showed that counsel had represented the defendant for more than one year prior to the trial.

We also reject the defendant's contention that he was denied the effective assistance of counsel. The defense counsel presented cogent opening and closing arguments, conducted extensive cross-examination of the witnesses both at the *Wade*

hearing and during trial, and raised appropriate objections. In addition, counsel made an effective presentation at sentencing, providing the court with a presentence memorandum and a psychiatric report, and speaking to numerous points raised by the Probation Department's presentence report. Thus, the defendant was provided with effective representation both at trial and at sentencing (see, People v Satterfield, 66 NY2d 796; People v Lane, 60 NY2d 748; People v Cartagena, 128 AD2d 797, lv denied 70 NY2d 798).

We do not agree with the defendant's contention that he was denied a fair trial by certain allegedly prejudicial statements made by the prosecutor during summation. Some of the remarks were responsive to similar remarks made in the defense counsel's summation (see, People v Blackman, 88 AD2d 620) and any potential prejudice was minimized by specific curative instructions from the trial court (see, People v Williams, 46 NY2d 1070; People v Ashwal, 39 NY2d 105; People v Baldo, 107 AD2d 751). Moreover, the prosecutor's comments were not so egregious or pervasive as to prejudice the defendant's case, and the proof of the defendant's guilt was overwhelming (see, People v Galloway, 54 NY2d 396, 401; People v Roopchand, 107 AD2d 35, 36, affd 65 NY2d 837).

We decline to disturb the sentence imposed upon the defendant as it was within the bounds of the applicable sentencing statute and not excessive (see, People v Farrar, 52 NY2d 302; People v Suitte, 90 AD2d 80). We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Thompson, J. P., Brown, Lawrence and Weinstein, JJ., concur.