■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NOEL RODRIGUEZ, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was indicted for criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the seventh degree in connection with his alleged sale of one-third gram of cocaine to an undercover police officer on December 1, 1988. An attorney was assigned to represent him. Defendant rejected a plea bargain on April 5, 1989, and requested another attorney. In response to the court's inquiry about the reason for the request, defendant's interpreter stated: "He is not helping him. He is not doing anything for him. He feels he is not helping him at all". The court denied defendant's request for new assigned counsel, stating "[t]hose are just general requests". Nineteen days later, the case was reached for trial. Prior to jury selection, defendant pleaded guilty to attempted criminal sale of a controlled substance in the third degree in full satisfaction of the indictment, with a sentencing promise

of an indeterminate term of incarceration of 3 to 6 years. The court imposed the promised sentence.

On appeal, defendant argues that the trial court failed to make adequate inquiry about his complaints regarding the performance of his assigned counsel and thus, improperly denied defendant's request for substituted counsel. Consequently, defendant asserts, he was denied the effective assistance of counsel. We disagree. The court asked defendant about the reasons for his request for new counsel and afforded him a reasonable opportunity to support his claim of ineffective assistance of counsel (see, People v Rodriguez, 126 AD2d 580, 581, lv denied 69 NY2d 954; cf., People v Sides, 75 NY2d 822). Defendant's criticism of his assigned counsel was general in nature and was not made with sufficient particularity to be evaluated (see, People v Medina, 44 NY2d 199, 208-209; People v Chisholm, 137 AD2d 828, lv denied 71 NY2d 1024; People v Leach, 108 AD2d 871). Given these circumstances, the court's inquiry was sufficient and it cannot be said that the court improperly denied defendant's request for the assignment of new counsel (see, People v Sawyer, 57 NY2d 12, cert denied 459 US 1178; People v Medina, supra).

Further, the record discloses that defendant's guilty plea was knowingly and voluntarily entered and that defendant expressly waived his rights (see, People v Harris, 61 NY2d 9; People v Rodriguez, supra, at 580). The court painstakingly explained defendant's rights and made extensive inquiry to ascertain that defendant's plea was not the product of coercion, threats or duress but was knowing and voluntary. (Appeal from judgment of Ontario County Court, Henry, Jr., J.—attempted criminal sale of controlled substance, third degree.) Present—Callahan, J. P., Denman, Boomer, Lawton and Davis, JJ.