OPINION OF THE COURT
Simons, J.
Defendants Lind and Cabassa have been convicted of one count of attempted murder in the first degree, three counts of attempted murder in the second degree and two counts of criminal use of a firearm in the first degree. The charges are based on defendants’ conduct during a high-speed automobile chase when Lind, a passenger in the vehicle driven by Cabassa, fired several gunshots at the pursuing police vehicle. We conclude that defendant Cabassa’s conviction must be reversed and a new trial ordered because of the trial court’s refusal to submit to the jury the offense of attempted assault in the second degree as a lesser included offense of attempted murder. Defendant Lind failed to request the charge down, however, and, finding no other grounds for reversal, we affirm his conviction.
The incident occurred after three plain-clothes officers, patrolling in the Washington Heights section of Manhattan in an unmarked police taxicab, observed a white Cadillac with inoperable taillights and an open trunk lid. It had three occupants, two in the front seat and one in the rear. When the Cadillac stopped at a red light at 158th Street, the officer driving the taxi, Officer Módica, pulled up on the right-hand side of the car and spoke to Lind who was sitting in the front passenger seat. He identified himself by displaying his police department vehicle identification card and his badge while the officer in the front passenger seat of the taxicab turned on the red turret light positioned on the taxi’s dashboard. Speaking to Lind through the open window, Officer Módica directed those in the Cadillac to pull over as soon as the light turned green. Lind nodded his assent.
The occupants of the Cadillac had a short conversation amongst themselves and then, before the traffic light changed, Cabassa accelerated and drove through the red light. A lengthy, high-speed chase ensued in which the vehicles traveled over 100 City blocks and attained speeds between 60 and 70 miles per hour. During the chase, Lind fired several shots toward the pursuing police officers who returned the fire. In response to a radio call for assistance, two uniformed officers *728 attempted to assist in defendants’ apprehension by parking a patrol car across 125th Street to establish a roadblock. Cabassa drove directly toward the roadblock while Lind fired at one of the officers standing next to it. Cabassa then successfully maneuvered the Cadillac around the roadblock and continued, until he eventually lost control of the Cadillac and crashed into a parked car. Defendants were subsequently apprehended and arrested.
On this appeal defendants contend first that there was insufficient evidence to convict them of attempted murder. We conclude, however, that the evidence supports the jury finding that Lind was shooting at the police officers with the intent to kill. He shot at the pursuing cab several times, with at least one of his shots striking the area around the windshield of the police vehicle, and he fired directly at the uniformed officer at the roadblock at 125th Street.
Moreover, the jury could reasonably find that Cabassa shared Lind’s intent to kill. Cabassa and Lind exchanged words before Cabassa accelerated through the red light and, after ignoring the police officers’ direction to pull over, proceeded to drive at a high rate of speed through the City streets to avoid arrest. He continually changed lanes, moving the Cadillac from the right lane to the left and then back to the right, thereby enabling Lind to obtain a direct line of fire toward the pursuing taxicab. Additionally, knowing that Lind had been shooting at the officers in the pursuing taxicab, Cabassa proceeded to drive the Cadillac directly toward the roadblock, where two uniformed officers stood next to the patrol car, permitting Lind to aim and fire his weapon at one of them. Based upon this, the jury could find that defendant Lind’s actions in firing at the officers were not “spontaneous” or unanticipated by Cabassa, but that the defendants together had a "concerted or planned use of the weapon to kill” (cf., People v Monaco, 14 NY2d 43, 45).
Nonetheless, we conclude that defendant Cabassa’s conviction must be reversed and a new trial ordered because of the failure to charge the jury with respect to the lesser included offense of attempted assault in the second degree.
A lesser offense must be submitted to the jury if (1) it is actually a lesser included offense of the greater charge, and (2) the jury is "warranted in finding that the defendant committed the lesser but not the greater crime” (People v Glover, 57 NY2d 61, 64), i.e., there is a "reasonable view of the evidence” *729 to support such a finding (People v Scarborough, 49 NY2d 364, 368; CPL 300.50).
A person commits murder when, acting with the intent to cause the death of another person, he or she causes such death (Penal Law § 125.25 [murder in second degree]; § 125.27 [murder in first degree]). A person commits assault in the second degree when he or she causes serious physical injury to another person with the intent of causing such injury (Penal Law § 120.05 [1]). Manifestly, attempted assault in the second degree is a lesser included offense of each of the attempted murder charges levied against defendants because one who attempts a murder in the first or second degree necessarily attempts an assault in the second degree.
The question, therefore, is whether there was a reasonable view of the evidence to support a finding that defendant Cabassa committed only an attempted assault rather than an attempted murder, i.e., could the evidence be read to find that Lind, with Cabassa’s participation, was shooting at the police officers with the intent, not to kill, but to seriously injure. If it could, the court was required to charge down to attempted assault, second degree: It was warranted in refusing the requested charge only if every possible hypothesis but guilt of the higher crimes was excluded.
The Appellate Division concluded that the evidence could support only two inferences; either defendant Lind shot at the police in order to kill them, or he shot aimlessly to scare the police away. It concluded that the jury could find defendants guilty of attempted murder or it could acquit, but it could not reasonably determine that defendants were not guilty of attempted murder, but were guilty of attempted assault. On this record, however, the jury could reasonably have found that defendants’ purpose in having Lind shoot at the police was to injure the police officers and cause them to terminate the chase. Lind was shooting at a moving target approximately 50 feet away while traveling at high speeds and while both vehicles were frequently changing lanes. The jury could believe that under those circumstances defendants intended to injure rather than to kill. It could have reasonably concluded that Lind was aiming and shooting at the officers and their vehicle in order to distract the taxicab driver so that he would lose control of the car, in order to hit some portion of the car, such as a windshield or tire, to cause a serious accident, or to hit the officers, but only to seriously *730 injure and incapacitate them so that they would abort the pursuit. Moreover, with respect to Cabassa, a reasonable juror could find on this evidence that even if Lind intended to kill, Cabassa did not share that intent. Accordingly, the lesser offense of attempted assault in the second degree should have been submitted to the jury for its consideration (see, People v Ford, 66 NY2d 428; People v Alamo, 128 AD2d 441).
At trial, defendant Cabassa requested, both before and after the charge, that the court instruct the jury on attempted assault in the second degree as a lesser included offense of the attempted murder counts. Although Lind joined in some of Cabassa’s objections to evidence and his requests and exceptions to the charge, he did not join in Cabassa’s requests to charge or in his exception to the court’s failure to charge the lesser included offense of attempted assault second degree. The only logical inference from the absence of a specific request from Lind and his failure to join Cabassa’s two requests to charge down is that "[f]or tactical reasons” he took a "different [position] on the desirability of various instructions to the jury” (People v Buckley, 75 NY2d 843, 846). Consequently, as to defendant Lind, the claim that the court erred in refusing to submit the lesser offense is unpreserved.
Finally, inasmuch as defendant Cabassa is entitled to a new trial at which he may request a similar privilege, we address briefly his contention that reversal also is required because the trial court permitted him to proceed pro se by summing up to the jury without ensuring that he had made a knowing and voluntary waiver of his right to counsel.
Proceeding "pro se” involves appearing for one’s self, without the benefit or participation of counsel. When a defendant elects to proceed pro se, the court is required to conduct a "searching inquiry” to ascertain whether defendant appreciates the risks of self-representation (People v Sawyer, 57 NY2d 12, 21, cert denied, 459 US 1178). When defendant asks only to participate in the defense, however, as Cabassa did when he applied to the court to deliver his own summation, there is no relinquishment of the right to counsel and no determination to represent one’s self. Consequently, there is no need for the court to conduct a searching inquiry to make sure that the defendant is aware of the potential disadvantages of giving up the fundamental right to counsel (see, People v Rodriguez, 98 AD2d 961, 962-963, cert denied 469 US 818; see also, People v Richardson, 4 NY2d 224, cert denied 357 US 943). It is *731 preferable for the trial court to alert defendant of the benefits of permitting a more experienced and objective person to handle the defense in its entirety before a request for limited participation is granted (see, People v Landy, 59 NY2d 369, 377), but there is no legal requirement that the court conduct a searching inquiry to determine whether the defendant appreciates the risks of limited participation.
In this case, the trial court granted Cabassa’s application to give his own summation but it did not relieve defense counsel of the responsibility of representation of his client nor prevent defense counsel from continuing to act as counsel by interjecting objections or supplementing Cabassa’s summation with one of his own. In fact, during Cabassa’s summation to the jury, his attorney did interject an objection. Accordingly, we find no error in the court’s procedure.
Defendants also contend that the trial court incorrectly charged the jury with respect to intent. We conclude, however, that the charge, read as a whole, adequately instructed the jury on the subject (see, People v Green, 50 NY2d 891, 893, cert denied 449 US 957).
We have considered defendants’ remaining contentions and find them to be without merit.
Accordingly, the order of the Appellate Division, with respect to defendant Cabassa, should be reversed and a new trial ordered, and with respect to Lind, affirmed.