Kaye, J.
(concurring in Cabassa and dissenting in Lind). The Court reverses and orders a new trial as to defendant Cabassa, based on erroneous refusal to submit a lesser included offense to the jury, and for lack of preservation denies that same relief to defendant Lind, with whom Cabassa was jointly tried. I believe there should be a reversal and new trial as to both codefendants.
I agree that the trial court committed reversible error in failing to submit to the jury the lesser included offense of attempted assault in the second degree, as requested by defendant Cabassa. As the Court acknowledges, the jury could have reasonably concluded that Lind, in shooting at the police officers, intended to seriously injure but not to kill.
Because the evidence is susceptible to that interpretation, however, the jury charge on intent also mandates reversal. Tellingly, the Court does not hold that the charge was proper, but merely that it was "adequate” when read as a whole. To *732 the contrary, the charge required the jury to convict even if it found that Lind had no intent to kill, but only knowledge that death would result from his acts. This charge significantly reduced the People’s burden and deprived Lind of a fair trial.
The trial court first properly instructed the jury that a person acts intentionally with respect to a result or to conduct proscribed by statute when there is a conscious objective to cause such a result or to engage in such conduct (see, Penal Law § 15.05 [1]; People v Smith, 79 NY2d 309; 1 CJI[NY] 9.31 [1983]). The court then stated that the jury should not confuse motive with intent, and redefined intent, this time in the alternative:
"[Intent] denotes a desire to effect a result. If a person performs a voluntary act with the desire to effect a result he is said in law to have intended that result. Further, though he might have no desire to effect the result, if he does the act under circumstances known to him which make it substantially certain that the result will follow, the law charges him with intent to accomplish that result. ” (Emphasis added.)
The court further explained that intent is a mental operation that must be inferred from the facts and circumstances surrounding the crime, and again urged the jury not to confuse motive with intent. Finally, the court charged that premeditation or deliberation is not a prerequisite of intent.
The Penal Law distinguishes between intent and knowledge. Intent is the actor’s conscious aim or objective in performing certain acts, while knowledge is an awareness that a particular element of a crime is satisfied (People v Steinberg, 79 NY2d 673, 680-681). A person may act intentionally without having knowledge that a result will occur (id.), and conversely, a person may have knowledge without having intent (People v Kaplan, 76 NY2d 140). The burden is on the prosecution to prove, beyond a reasonable doubt, whatever mental culpability element is set forth in the statute defendant is charged with violating.
Although the jury may infer intent from knowledge, there is no requirement that it do so. Contrary to the trial court’s charge, if defendant had "no desire” to kill, the law does not "charge” him with intent to kill even if there is "substantial^ certaint[y]” that death will occur (compare, Sandstrom v Montana, 442 US 510 [mandatory presumption that a person *733 intends the ordinary consequences of his or her acts unconstitutional]; People v Getch, 50 NY2d 456 [same]).
Reading the charge as a whole does not mitigate the court’s error. Indeed, having defined intent alternatively as (1) conscious objective or (2) substantial certainty of result, the court’s error was magnified by the remainder of the charge, where the court simply used the word "intent” as had been previously defined.
The error was prejudicial because, as the majority observes, the jury could have found that Lind (like Cabassa) intended to seriously injure but not to kill. Under the court’s charge, however, even if the jury found that Lind in fact intended only to injure, it was required to convict him of attempted intentional murder if it concluded that Lind knew death was substantially certain to result from his conduct. Thus, Lind should also be entitled to a new trial.
I further disagree with the Court’s conclusions regarding Cabassa’s pro se summation. When counsel informed the court that Cabassa wished to proceed pro se in summation, the court expressed reservations about Cabassa’s intelligence and stated his belief that Cabassa was "making a mistake.” Nevertheless, the court acceded to Cabassa’s request without making any inquiry of him other than to elicit his agreement to confine his argument to the evidence.
Before permitting a defendant to proceed pro se, the court should make a searching inquiry to assure that defendant appreciates the dangers and disadvantages of self-representation (People v Sawyer, 57 NY2d 12, 21, cert denied 459 US 1178). Thus the question here is whether there should be a different rule when defendant wishes to deliver a summation and regular counsel is on "standby.” In my view, this question should be answered in the negative.
In People v Landy (59 NY2d 369), this Court rejected defendant’s claim that his pro se summation — with counsel present throughout — was a basis for reversal, unanimously holding that the trial court "sufficiently complied with the rules requiring that it inquire of the defendant and obtain defendant’s knowing and intelligent waiver of the assistance of counsel” (id., at 377). Thus, Landy did not hold that the searching inquiry was merely "preferable” when defendant wishes to give a summation with counsel present, as the majority suggests (majority opn, at 731). To the contrary, Landy implicitly held that the rules were fully applicable in this context.
*734 No case decided by this Court supports the distinction the Court draws today between defendants who only "participate” in their own defense and those assuming full responsibility. Instead, the Court relies on People v Rodriguez (98 AD2d 961, cert denied 469 US 818) — an Appellate Division memorandum that in turn relied on a single-Justice concurrence in another Appellate Division case (id., at 962-963, citing People v Hazen, 94 AD2d 905, 908 [Mahoney, P. J., concurring]). Rodriguez is distinguishable in any event because there, both defense counsel and defendant gave summations. People v Richardson (4 NY2d 224) is also inapposite — the case held only that a represented defendant does not have an absolute right to give a summation.
I believe that People v Sawyer (57 NY2d 12, supra) is more to the point. There, we not only reaffirmed the trial court’s duty to make a searching inquiry before permitting a defendant to proceed pro se, but also held that it would be permissible to appoint standby counsel to assist defendant should the need arise (57 NY2d, at 22). The Court did not suggest that the requisite inquiry of defendant would be unnecessary if there was standby counsel, and the same should hold true here. (See also, United States v Turnbull, 888 F2d 636, 638 [9th Cir], cert denied — US —, 111 S Ct 78 [trial court "may allow 'hybrid representation,’ in which the accused assumes some of the lawyer’s functions, under certain circumstances. If the defendant assumes any of the 'core functions’ of the lawyer, however, the hybrid scheme is acceptable only if the defendant has voluntarily waived counsel”].)
In People v Cabassa: Order reversed and a new trial ordered.
Chief Judge Wachtler and Judges Titone, Hancock, Jr., and Bellacosa concur with Judge Simons; Judge Kaye concurs in result in a separate opinion.
In People v Lind: Order affirmed.
Chief Judge Wachtler and Judges Titone, Hancock, Jr., and Bellacosa concur with Judge Simons; Judge Kaye dissents and votes to reverse in a separate opinion.