■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v GARY J. FISCHMAN, Appellant. [594 NYS2d 865] —Mahoney, J. Appeal from a judgment of the County Court of Albany County (Marks, J.), rendered November 25, 1991, upon a verdict convicting defendant of the crimes of offering a false instrument for filing in the first degree (10 counts) and grand larceny in the fourth degree.

Defendant is a licensed podiatrist and an assistant professor of pathology at New York College of Podiatric Medicine. During 1985, he also operated two podiatric clinics in Manhattan. The majority of the patients he treated at the clinics were Medicaid eligible. In May 1985, defendant entered into a business arrangement with Mark Nelson. The proof at trial established that Nelson, who owned an orthotics laboratory known as Midstance Laboratories, had just graduated from New York College of Podiatric Medicine and was, at the time, unlicensed to practice podiatry. Under the arrangement, Nelson was to assist defendant in the treatment of patients at the clinics and his laboratory was to prepare any orthotic devices prescribed to them. Because Nelson did not have a Medicaid provider number, all services provided by him to Medicaid eligible patients were billed under defendant's identification number. Upon receipt of reimbursement from Medicaid, defendant was to give Nelson 70% of the payment amounts attributable to the latter's billings.

On 38 occasions between June and August 1985, custom medical orthotic devices were prescribed for Medicaid eligible patients and defendant submitted Medicaid claim forms classifying them for Medicaid purposes as Medicaid procedure code 90473 (custom foot molds). This was not true, however. It is undisputed that Nelson's Midstance Laboratories did not prepare the more expensive custom-made orthotics fabricated from casts indicated on the billing but rather furnished a cheaper, prefabricated stock orthotic which does not require

casting. The orthotic actually provided was more properly recorded as Medicaid procedure code 90477.

Upon obtaining his podiatrist's license and Medicaid provider number, Nelson ultimately left defendant and went out on his own where he engaged in fraudulent billing schemes of a similar nature to those he participated in with defendant. Inevitably, his fraudulent practices were uncovered. In connection with his prosecution, Nelson agreed to cooperate with authorities in the investigation and subsequent indictment of defendant with regard to the June to August 1985 billings. With the aid of his testimony at trial, defendant was convicted as charged. Claiming principally that his conviction is not supported by legally sufficient evidence and raising numerous other claims of error, defendant now appeals.

We affirm. The gravamen of defendant's legal sufficiency argument is that the prosecution failed to prove what constituted a 90473 orthotic as compared to a 90477 orthotic and, thus, there was insufficient evidence to establish that defendant's Medicaid filings were false. We disagree. The testimony of Joseph Guy, director of the Medicaid Management Information System, explained the procedure code definitions found in the Medicaid provider's manual for 90473 and 90477 orthotics and made clear that the former is essentially a custom foot mold while the latter is a stock foot mold. This, combined with Nelson's testimony that he delivered from his laboratory to defendant relatively inexpensive stock orthotics, provides a sufficient evidentiary basis upon which the jury could rationally conclude that the orthotics actually provided did not comport with the fee code listed on the Medicaid claim forms. The prosecution's further proffer of a tape-recorded conversation between defendant and Nelson, which included statements by defendant suggesting that he approved fraudulent claim forms and patient charts prepared by Nelson, accepted bogus remittance statements from Midstance Laboratories and encouraged the use of fraudulent laboratory billings, makes clear that there existed a valid line of reasoning and permissible inferences from which the jury could have found that defendant was aware of the false billings and thus that all the elements of the crimes charged were established beyond a reasonable doubt. Moreover, upon exercise of our factual review power, we are satisfied that the verdict is not against the weight of the evidence (see, People v Bleakley, 69 NY2d 490, 495-496).

Nor do we believe, under the circumstances, that County Court's refusal to grant a mistrial after several alleged refer-

ences by Nelson to uncharged crimes or defendant's prior bad acts constituted reversible error. Of all the instances of alleged improprieties, we discern only one actual reference to uncharged crimes or bad acts. That instance arose during Nelson's testimony when the prosecutor showed Nelson the invoices he had prepared to substantiate the 38 bogus claims. In response to the prosecutor's question, Nelson indicated that the fraudulent invoices covered 44 patients (six more than were included in the indictment). Prompt curative instructions were given by County Court to the jury. In view of this, the fact that any prejudice which might have resulted from the jury's having heard about the six additional patients was mitigated by the admission into evidence of invoices reflecting only the 38 claims charged in the indictment and, taking into account the relative strength of the prosecution's case, it does not appear that the reference was of such a magnitude as to deprive defendant of a fair trial (see, e.g., People v Young, 48 NY2d 995, 996; People v Capers, 170 AD2d 522, lv denied 77 NY2d 959; People v Celeste, 95 AD2d 961, 963; People v Patterson, 83 AD2d 691, 692).

We have reviewed defendant's remaining contentions and find them to be without merit. The fact that the foundation for admission of a tape recording between Nelson and defendant came from Nelson himself, a participant therein and admitted accomplice in these crimes, does not render it insufficient (see, People v McGee, 49 NY2d 48, 59, cert denied sub nom. Waters v New York, 446 US 942; People v Tayeh, 96 AD2d 1045, 1046; People v Rodriguez, 78 AD2d 769). Moreover, upon reviewing a transcript of the tape recording and considering the other documentary evidence submitted, we are satisfied that they sufficiently corroborate Nelson's testimony and adequately connect defendant to the crimes charged (see, e.g., People v Steinberg, 79 NY2d 673, 683; People v Hudson, 51 NY2d 233, 238-239). Finally, we see no error in County Court's charge.

Yesawich Jr., J. P., Crew III and Harvey, JJ., concur. Ordered that the judgment is affirmed, and matter remitted to the County Court of Albany County for further proceedings pursuant to CPL 460.50 (5).