■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v BENJAMIN GOLDEN, Appellant. [706 NYS2d 310] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered November 19, 1997, convicting defendant, after a jury trial, of burglary in the third degree and criminal possession of stolen property in the fifth degree, and sentencing him, as a second felony offender, to concurrent terms of 3 to 6 years and 1 year, respectively, unanimously affirmed.

Based on the record as a whole (*see, People v Whitted*, 113 AD2d 454), we conclude that defendant knowingly, intelligently, and voluntarily waived his right to counsel at the suppression hearing (*see also, People v Cabassa*, 79 NY2d 722,

730-731, *cert denied sub nom. Lind v New York*, 506 US 1011). The court properly exercised its discretion in imposing restrictions on the role of standby counsel at the hearing in order to avoid confusion and prevent defendant's self-representation from developing into hybrid representation.

Where defendant had requested, during jury selection, permission to abandon his *pro se* status and resume representation by counsel, and had unequivocally agreed that there would be no further changes in such status, the court properly refused to permit defendant to withdraw from this agreement in the midst of trial and return to self-representation (*see, People v McIntyre*, 36 NY2d 10, 17). The record establishes that the court's ruling was based on the proper criteria.

The court provided the jury with a proper definition of "building" (Penal Law § 140.00 [2]) as applicable to the truck in question. In any event, we conclude that defendant conceded at trial that the truck met the statutory definition. Concur— Rosenberger, J. P., Ellerin, Rubin and Friedman, JJ.