◼ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v WILLIAM K. SPIERS, Appellant. (Appeal No. 1.) [751 NYS2d 906] —Appeal from a judgment of Supreme Court, Erie County (Burns, J.), entered May 13, 1999, convicting defendant following a nonjury trial of, inter alia, burglary in the second degree.

It is hereby ordered that said appeal from the judgment insofar as it imposes sentence be and the same hereby is unanimously dismissed and the judgment is affirmed.

Memorandum: Defendant contends that Supreme Court failed to conduct the requisite searching inquiry before allowing him to waive the right to counsel and to proceed pro se (*see generally People v Arroyo,* 98 NY2d 101, 103-104). Defendant, however, neither waived his right to counsel nor proceeded pro se. Rather, defendant participated in his own defense while being represented by counsel. Although a defendant has no constitutional right to hybrid representation (*see People v Rodriguez,* 95 NY2d 497, 501; *People v Ferguson,* 67 NY2d 383, 390; *People v Mirenda,* 57 NY2d 261, 265), it is within the trial court's sound discretion whether to allow such hybrid representation (*see Rodriguez,* 95 NY2d at 502). Where, as here, defendant "asks only to *participate* in the defense, * * * there is no relinquishment of the right to counsel and no determination to represent one's self" (*People v Cabassa,* 79 NY2d 722, 730, *cert denied sub nom. Lind v New York,* 506 US 1011; *see People v Rodriguez,* 98 AD2d 961, 962-963, *cert denied* 469 US 818). Thus, the court was not required to conduct a searching inquiry pursuant to *Arroyo* (98 NY2d at 103-104). We reject the further contention of defendant that he received ineffective assistance of counsel (*see generally People v Baldi,* 54 NY2d 137, 147). In light of defendant's lengthy criminal history, the sentence is neither unduly harsh nor severe. Present—Pigott, Jr., P.J., Green, Pine, Hayes and Gorski, JJ.