People v Gray (2025 NY Slip Op 01259)

People v Gray

2025 NY Slip Op 01259

Decided on March 6, 2025

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:March 6, 2025

112985
[*1]The People of the State of New York, Respondent,
v
Derrick Gray, Appellant.

Calendar Date:January 6, 2025

Before:Garry, P.J., Pritzker, Ceresia, Powers and Mackey, JJ.

Rural Law Center of New York, Inc., Plattsburgh (Lora J. Tryon of counsel), for appellant.
John M. Muehl, District Attorney, Cooperstown (Christopher James Di Donna of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Otsego County (John Lambert, J.), rendered May 10, 2021, convicting defendant upon his plea of guilty of the crime of robbery in the third degree.
Defendant was charged in an indictment with robbery in the third degree and attempted robbery in the third degree. At ensuing court appearances, defendant expressed dissatisfaction with defense counsel and, ultimately, requested to represent himself with standby counsel. Following a colloquy with defendant and after adjourning the matter for defendant to discuss his request with counsel, at the next court appearance County Court granted defendant's application to represent himself with standby counsel. Defendant subsequently pleaded guilty to robbery in the third degree in satisfaction of the indictment and other unrelated charges.
Defendant thereafter moved on multiple occasions to withdraw his plea, which motions County Court denied. Ultimately, and in accordance with the terms of the plea agreement, County Court sentenced defendant, as a second felony offender, to a prison term of 2½ to 5 years. Defendant appeals.
Defendant contends that County Court erred in granting his request to proceed pro se and represent himself. We agree. Pertinent here, "[a] defendant seeking permission to proceed pro se must effectuate a knowing, voluntary and intelligent waiver of the right to counsel" (People v Guarnieri, 122 AD3d 1078, 1079-1080 [3d Dept 2014] [internal quotation marks, brackets and citation omitted]; see People v Silburn, 31 NY3d 144, 150 [2018]). "To that end, County Court was required to conduct a searching inquiry to ensure that the defendant's waiver of the right to counsel was knowing, intelligent, and voluntary" (People v Atutis, 222 AD3d 1106, 1107 [3d Dept 2023] [internal quotation marks, brackets and citations omitted]). Although no specific catechism is required for a waiver to be effective, "the court's discussion of the issue with the defendant must accomplish the goals of adequately warning a defendant of the risks inherent in proceeding pro se, and apprising a defendant of the singular importance of the lawyer in the adversarial system of adjudication" (People v Baines, 39 NY3d 1, 7 [2022] [internal quotation marks and citations omitted]; accord People v Atutis, 222 AD3d at 1107-1108). "Appointment of standby counsel is not an alternative to the required searching inquiry" (People v Navarro, 96 AD2d 1126, 1126 [3d Dept 1983] [internal quotation marks and citation omitted]).
In making his application, defendant repeatedly conditioned his request on proceeding pro se "with standby [counsel]." In response to defendant's request, County Court inquired as to whether defendant knew the rule regarding standby counsel. Although defendant replied in the negative, the court provided no further explanation and, instead, proceeded to question defendant about his knowledge of the law. Following a week-long adjournment for defendant to confer with counsel [*2]regarding his request to proceed pro se, at the next court appearance, defendant reaffirmed his desire to proceed pro se with standby counsel. Although the court informed defendant that he did not qualify for standby counsel because he seemed to be familiar with some legal terms, defendant responded that he was requesting standby counsel because he does not know everything in the law. The record does not otherwise reflect that defendant was informed of or understood that, despite being permitted to proceed with standby counsel, there were risks inherent in proceeding pro se. Upon this record, we conclude that County Court's inquiry was insufficient to establish that defendant's waiver of the right to counsel was knowing and voluntary and, accordingly, the plea must be vacated (see People v Myers, 160 AD3d 1029, 1033 [3d Dept 2018]; People v Guarnieri, 122 AD3d at 1080-1081; People v Navarro, 96 AD2d at 1126).[FN1] In view of this conclusion, defendant's remaining contentions are academic.
Garry, P.J., Pritzker, Ceresia and Powers, JJ., concur.
ORDERED that the judgment is reversed, on the law, plea vacated and matter remitted to the County Court of Otsego County for further proceedings not inconsistent with this Court's decision.

Footnotes

Footnote 1: In so holding, it bears mentioning that there is no federal or state constitutional right to hybrid representation. Stated differently, "the Sixth Amendment and the State Constitution afford a defendant the right to counsel or to self-representation, [but] they do not guarantee a right to both" (People v Rodriguez, 95 NY2d 497, 501 [2000]). That said, a court may nevertheless choose to appoint standby counsel in a situation where it has been properly determined that a defendant has knowingly and voluntarily waived his or her right to counsel.