■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v OLIVIA A., Appellant.—Appeal by defendant from a judgment of the County Court, Nassau County, rendered June 21, 1976, convicting her of criminal sale of a controlled substance in the third degree, upon a jury verdict, and sentencing her to an indeterminate prison term of one year to life. Judgment modified, as a matter of discretion in the interest of justice, by granting the defendant's application for youthful offender treatment and reducing her sentence to a five-year period of probation. As so modified, judgment affirmed and case remitted to Criminal Term to fix the condition of probation and for further proceedings pursuant to CPL 460.50 (subd 5). Under the circumstances presented, including the defendant's exemplary background, the generally favorable probation report, and her commendable conduct since her conviction, we feel that she does not warrant lifetime supervision and

thus should be granted youthful offender treatment. We particularly note that while incarcerated she took a full program of courses at Westchester Community College and additional courses at the State University College at New Paltz. Some of her professors submitted letters in which they described her remarkable progress and recommended that she be given every opportunity to continue her rehabilitation. During this period she also taught at the Mount Kisco Day Care Center where she again left a very good impression with her fellow staff members and supervisors. Upon her release from prison she enrolled in the undergraduate social work program at Adelphi University from which she will receive her bachelor's degree in June, 1979. She hopes to obtain a master's degree in June, 1980. She has married, given birth to a daughter, and worked as an executive secretary on a part-time basis. Of particular import is a letter from Dr. Lorenzo Merritt, the Director of Community Organization Services in Hempstead where the defendant has done social work since her release. In the letter, he comments that, in his opinion as a professional social worker, the defendant has overcome her past difficulties and is in the process of becoming a professional social worker, which will have a positive impact upon many lives in the future. Dr. Merritt felt that her "potentiality [should] be allowed to reach full fruition by removing the barriers of her past convictions." In view of the foregoing, no purpose would be served by subjecting the defendant to lifetime supervision. In our view, this appeal "demonstrates a classic example of the rehabilitation heights attainable within our existing penal system by an inmate desirous of taking advantage of the educational facilities available." *(People v Hiemel,* 49 AD2d 769, 770). We have considered the other points raised by the defendant and have found them to be without merit. Titone, J. P., Shapiro, Margett and Martuscello, JJ., concur.