der, 2nd Degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBECCA SAPP, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Same Memorandum as in *People v Sapp* ([appeal No. 2] 170 AD2d 1023 [decided herewith]). (Appeal from Judgment of Monroe County Court, Marks, J.—Grand Larceny, 3rd Degree.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v REBECCA SAPP, Appellant. (Appeal No. 2.)—Judgment unanimously modified as a matter of discretion in the interest of justice and as modified affirmed, in accordance with the following Memorandum: County Court's imposition of consecutive sentences for defendant's thefts from her employer Ibero American Investors Corporation in 1985 and thefts from her employer Bargy Mechanical Contractors, Inc. from 1986 to 1988 was lawful (Penal Law § 70.25 [1]). We conclude, however, that the imposition of consecutive sentences was excessive *(see,* CPL 470.15 [6] [b]). Defendant, a divorced mother of three children and a victim of the Battered Wife Syndrome, had no criminal record before 1985. In the circumstances presented, we modify the judgment to provide that the sentences run concurrently *(see, e.g., People v Olivia A.,* 69 AD2d 844).

We have reviewed defendant's remaining contention and find it to be without merit. (Appeal from Judgment of Monroe County Court, Marks, J.—Violation of Probation.) Present—Callahan, J. P., Doerr, Green, Lawton and Davis, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DANIEL J. JOHNSON, Appellant.—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that the evidence in this wholly circumstantial evidence case was not legally sufficient to establish that defendant was guilty of murder in the second degree as an accessory *(see,* Penal Law §§ 20.00, 125.25 [1]; *People v Ford,* 66 NY2d 428, 441; *People v Benzinger,* 36 NY2d 29, 32).

Viewing the evidence in the light most favorable to the People *(see, People v Kennedy,* 47 NY2d 196), indulging in all reasonable inferences in the People's favor *(see, People v Benzinger, supra)* and bearing in mind that credibility is a matter to be determined by the trier of facts *(see, People v Malizia,* 62 NY2d 755, 757, *cert denied* 469 US 932), we