OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
The Fifth Amendment privilege which exists as to private papers cannot be asserted with respect to records which are required, by law, to be kept and which are subject to governmental regulation and inspection. (See Shapiro v United States, 335 US 1, 33; Davis v United *657 States, 328 US 582, 589-590; Wilson v United States, 221 US 361, 380; Matter of Cappetta, 42 NY2d 1066, 1067; Matter of Sigety v Hynes, 38 NY2d 260, 268.) To hold otherwise and allow the privilege to cloak such records would make enforcement of State and Federal laws impossible. (United States v White, 322 US 694, 700.)
In light of the fact that the physician appellants in this case were required to maintain the subject records (8 NYCRR 29.2 [3]) and, under certain circumstances, make them available for governmental inspection (Public Health Law, § 230, subd 10, par [k]), we hold that appellants’ personal privilege against self incrimination does not apply to the records sought here.*
With respect to appellants’ claim that the demand for billing records exceeds the scope of disclosure pursuant to section 17 of the Public Health Law, we note that CPL 190.40 (subd 1) requires witnesses in Grand Jury proceedings to provide “any evidence legally requested”.
In light of the disposition of this appeal on the basis of the “required records exception” (Matter of Cappetta, 42 NY2d 1066, supra), it is unnecessary to pass on the other issues raised by the appellants.
Chief Judge Cooke and Judges Jasen, Jones, Wachtler, Fuchsberg and Meyer concur; Judge Simons taking no part.
On review of submissions pursuant to rule 500.2 (b) of the Rules of the Court of Appeals (22 NYCRR 500.2 [g]), order affirmed, with costs, in a memorandum.

 Each of the patients whose records were subpoenaed have authorized their release.