OPINION OF THE COURT
Herbert I. Altman, J.
II
The application to dismiss counts 1-53 of the indictment, each charging the defendant with the crime of offering a false instrument for filing in the first degree (Penal Law, § 175.35), on the grounds that they are defective on their face and fail to state a crime is denied.
It is the defendant’s position that these counts are defective as each count merely alleges that the defendant submitted a false statement to Bradford Administrative Services, Inc. (hereinaf *411 ter Bradford), a private profit-making organization and not a “public office or public servant” as is required by statute (see Penal Law, § 175.35).
The defendant correctly observes that section 175.35 of the Penal Law requires that in order for a person to be found guilty of the crime of offering a false instrument for filing in the first degree, he must, inter alla, offer such instrument to a public office or public servant. I find that at the time the crimes are alleged to have occurred, Bradford, in fact, served as a public servant for the purpose of receiving and processing Medicaid claim forms by virtue of its contract with the State Department of Social Services (DSS).
The definition of a public servant encompasses not only a “public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state” (see Penal Law, § 10.00, subd 15, par [a]), but also includes “any person exercising the functions of any such public officer or employee” (see Penal Law, § 10.00, subd 15, par [b]).
The DSS is authorized by statute to delegate to a private entity the function which was performed by Bradford at the time the crimes were alleged to have occurred. Subdivision 8 of section 367-b of the Social Services Law specifically authorizes DSS “to enter into agreements with fiscal intermediaries or fiscal agents for the design, development, implementation, operation, processing, auditing and making of payments, subject to audits * * * for medical assistance claims under the system”.
As the court noted in Matter of Onondaga County Dist. Attorney’s Off. (92 AD2d 32, 36), “[t]he definition of ‘public servant’ should not be narrowly viewed as applying only to New York State employees, but is also aimed at every person specially retained to perform some government service”. Bradford was such an entity at the time the crimes contained in counts 1-53 are alleged to have occurred. It was specifically retained to be the “sole conduit for reimbursement” for the State Medicaid system and its retention was authorized by the Legislature.
Consequently, in its capacity as a conduit for reimbursement, by virtue of its contract with DSS, Bradford was a public servant at the time the crimes contained in counts 1-53 are alleged to have occurred for the purpose of accepting the various “New York State Medical Assistance (Title XIX) Program Practitioner Claim Forms.”
IV
The application to dismiss the indictment on the ground that the defendant has immunity with respect to the offenses *412 charged, is denied. The defendant argues that he has been immunized from criminal prosecution as a consequence of his being served with a subpoena duces tecum requiring him to produce the medical charts of approximately 88 patients. He contends that the records sought were his personal records and were produced under compulsion. Thus, he concludes that his Fifth Amendment right against self incrimination was violated. Moreover, he observes that he did not lose his right to claim the privilege by virtue of his adopting the corporate form in doing business. He maintains “that a professional corporation retains for the individual or sole proprietor all of the rights and privileges afforded an individual.”
For the purposes of this application, I make no determination with regard to whether the subpoenaed material constituted the defendant’s private papers or those of the professional corporation or whether the defendant, in doing business as a professional corporation, lost or maintained his right to claim the privilege against self incrimination.
I merely note that “[t]he Fifth Amendment privilege which exists as to private papers cannot be asserted with respect to records which are required, by law, to be kept and which are subject to governmental regulation and inspection” (see People v Doe, 59 NY2d 655, 656). As was the case in People v Doe, the material subpoenaed was required by law to be kept (see 8 NYCRR 29.2; see, also, 18 NYCRR 540.7) and, under certain circumstances, to be made available for governmental inspection (see Public Health Law, § 230, subd 10, par [k]). The defendant therefore may not assert his Fifth Amendment privilege with respect to the subpoenaed material, even if the papers are deemed to be his private papers. Further, as the defendant’s claim that he is entitled to assert his Fifth Amendment right with regard to the papers of the professional corporation is founded upon his belief that he possessed an initial Fifth Amendment privilege with regard to the subpoenaed material as private papers, such argument is rejected as well.
I finally note that while the court in Doe (supra) observed that each of the patients whose records were subpoenaed had authorized their release, it does not appear that such authorization is a necessary prerequisite to the conclusion that the “required records exception” is applicable.