In the Matter of MORRIS MOE, Appellant, v EDWARD J. KURIANSKY, Respondent.—In a proceeding pursuant to CPLR articles 23 and 78 to prohibit the respondent from acting beyond his authority and to quash certain Grand Jury subpoenas, the petitioner appeals from a judgment of the Supreme Court, Kings County (Pizzuto, J.), dated December 16, 1985, which denied the application.

Judgment affirmed, with costs.

On this appeal, the petitioner questions the authority of the respondent, the Deputy Attorney-General for Medicaid Fraud Control, to issue the challenged subpoenas. However, the respondent's power to do so is well settled. Executive Law § 63 (3) "bestow[s] upon the Attorney-General the broadest of powers" *(Matter of Mann Judd Landau v Hynes,* 49 NY2d 128, 135). Thus, the letters sent by the Commissioners of Health and Social Services to the Attorney-General in April 1978, which requested that he conduct an investigation into alleged Medicaid fraud, sufficiently support the ongoing investigation currently being conducted by the respondent's office. The Attorney-General is not limited to short-term investigations.

Moreover, the Attorney-General properly delegated the task of conducting the investigation to the respondent. The case at bar is distinguishable from *Matter of Schumer v Holtzman* (60 NY2d 46), in which a "memorandum of understanding" by which the District Attorney appointed a Special Prosecutor improperly divested the District Attorney of her discretionary judgment, power and responsibility over the investigation there at issue. The petitioner's attempt to show that Attorney-General Abrams has allowed the respondent's Medicaid Fraud Control Unit to become entirely independent of his office is unavailing. The authority of the respondent Kuriansky is not to be determined by reference to the newspaper articles presented by the petitioner *(see, Matter of Moritt v Nadjari,* 51 AD2d 754, *lv denied* 38 NY2d 711), and in any case, the articles indicate that Attorney-General Abrams has in fact exerted control over the respondent's unit. Hearsay assertions contained in counsel's affirmations, to the effect that the staff in the respondent's office believes that the office is independent of the office of the Attorney-General are of no value. The letter of appointment, while empowering the respondent, in no way purports to limit the Attorney-General's right to ultimately control the unit's work.

Nor should the petitioner's motion for disclosure be granted. By its motion, the petitioner was merely fishing for proof it lacked, but hoped to find.

The petitioner also asserts a 5th Amendment privilege to protect himself against enforcement of three subpoenas duces tecum served upon him, but directed to "[A]ny Officer or Director or Managing Agent" of three corporations. However, the privilege cannot be used here to protect the petitioner Moe against enforcement of the subpoenas.

A corporate entity has no 5th Amendment privilege *(see,*

*Bellis v United States,* 417 US 85, 88; *Wilson v United States,* 221 US 361); thus, a corporate agent should not be permitted to rely upon the privilege to avoid producing corporate records which he holds by virtue of his representative capacity *(see, In re Grand Jury Proceedings [Morganstern],* 771 F2d 143). Even if the rule of *Fisher v United States* (425 US 391, 409) protects a custodian of corporate records subpoenaed as an individual where the mere act of producing the sought corporate records would constitute testimonial self-incrimination, under such circumstances the corporation would have to appoint another agent to produce the records as directed *(see, In re Two Grand Jury Subpoenae Duces Tecum,* 769 F2d 52, 55, 57). Eiber, J. P., Kunzeman, Kooper and Spatt, JJ., concur.