OPINION OF THE COURT
Peter P. Rosato, J.
Respondents Progressive Labs and Progressive Labs and Consultants move to quash companion Grand Jury subpoenas duces tecum dated May 5, 1986, both of which call for production of "all prescriptions and all order/prior approval request forms (DSS-2832-E)”, from January 1, 1983 to the present time. Counsel for the respondents represents in his moving papers that Progressive Labs is a sole proprietorship owned by one Bruce Tracy; he further represents that Progressive Labs and Consultants is a corporation of which Bruce Tracy is the president. Counsel concedes that both are Medicaid providers.
The respondents essentially argue that (1) pursuant to the opinion in United States v Doe (465 US 605), the records are protected by the US Constitution 5th Amendment under the so-called "act of production” doctrine; (2) that the "required records” doctrine enunciated in Shapiro v United States (335 US 1), and later squarely embraced by the appellate courts of this State (see, i.e., People v Doe, 59 NY2d 655; Matter of Sigety v Hynes, 38 NY2d 260, 268), and which denied 5th Amendment protection to records required by law to be maintained, has in effect been overruled and rendered obsolete by virtue of the "act of production” doctrine announced in United States v Doe (supra); (3) that disclosure would violate the physician-patient privilege as contained at CPLR 4504 (a); and (4) that the instant subpoenas are overbroad.
The office of the Deputy Attorney-General for Medicaid Fraud Control opposes respondents’ application in all respects.
Respondents’ fourth and final argument, i.e., that of overbreadth and irrelevancy, may be dispatched with short shrift. In Matter of Friedman v Hi-Li Manor Home (42 NY2d 408, 416, 417), the Court of Appeals rejected a claim of overbreadth and sustained a subpoena duces tecum which called for production of "voluminous” books and records. Here, on the other hand, the subpoenas, which call for production of but two categories of records, i.e., prescriptions and *697 order/prior approval request forms, are certainly far more limited in scope and can in no way be deemed overbroad.
By the same token, and to the extent respondent makes a rather bald allegation that the instant subpoenas are irrelevant, respondent has completely failed to satisfy his burden of demonstrating that the records sought bear no conceivable relevance to the Grand Jury investigation. (See, Virag v Hynes, 54 NY2d 437 [1981].) Thus, respondents’ motion to quash, predicated on grounds of overbreadth and irrelevance, is hereby denied.
Turning then to respondent’s claim that the records sought are protected by the "act of production” doctrine under the 5th Amendment, respondent, at the outset, has represented that the subpoenaed entity, Progressive Labs and Consultants, is a corporation. Two recent appellate cases, one each in the First and Second Departments, have refused to extend the act of production doctrine to corporations, reaffirming the well-settled principle that "a corporate entity has no 5th Amendment privilege”. (See, Matter of Moe v Kuriansky, 120 AD2d 594, 595; Matter of Grand Jury v Kuriansky, 113 AD2d 49 [1st Dept 1985]; see also, Matter of Shoe Ring, NYLJ, May 16, 1986, p 16, col 5 [Sup Ct, Kings County, Miller, J.]; and see, unpublished opn of this court in Matter of Three Grand Jury Subpoenas Duces Tecum dated Mar. 14, 1986, County Ct, Putnam County, May 8, 1986.) Moreover, even if, arguendo, the "act of production” is found to apply to the individual who acts as the corporate custodian, the corporation would still have to appoint another agent to produce the corporate records. (See, Matter of Moe, supra; In re Two Grand Jury Subpoenae Duces Tecum, 769 F2d 52 [2d Cir 1985]; Big Apple Concrete Corp. v Abrams, 103 AD2d 609 [1st Dept 1984].)
Corespondent, Progressive Labs,[1] on the other hand, is represented to be a sole proprietorship. As such, the "act of producing” its business records would be deemed privileged under the doctrine of United States v Doe (465 US 605, supra). Thus, the only issue vis-a-vis the entity described as Progressive Labs is whether production of its records would be mandated under the "required records” exception, provided, of course, that said exception is still viable in light of the "act of production” doctrine enunciated in Doe (supra), and Fisher v *698 United States (425 US 391).[2] This court’s research shows that as of the present time the required records exception has not been eliminated or overruled; quite to the contrary, in two very recent cases, one each on the State and Federal level, the required records doctrine has been squarely reaffirmed, notwithstanding the act of production doctrine and is, therefore, still good law.[3]
First, respondents’ reliance on United States v Doe (supra) and United States v Fox (721 F2d 32 [2d Cir 1983]) is unavailing insofar as the respondents argue that the required records exception is no longer viable. In Doe (465 US 605, 607, supra) at footnote 3 to the majority opinion of the court delivered by Powell, J., the high court specifically pointed out that, "We therefore understand that this case concerns only business documents and records not required by law to be kept or disclosed to a public agency.” (Emphasis added.) Similarly, in the Fox case (supra), the Second Circuit Court of Appeals, in holding that the financial records of respondent, a doctor and sole proprietor, would be at least potentially privileged under the 5th Amendment act of production doctrine, also pointed out by way of footnote (see, p 35, n 3) that the government therein had not relied on the "required records” doctrine and that therefore there was no need to consider that doctrine at that time. Clearly, then, neither the Doe case nor the Fox case, on their face, should be read as in any way diminishing, much less abrogating, the continued vitality of the required records exception.
Moreover, the cases of United States v Edgerton (734 F2d 913 [2d Cir 1984]), and In re Grand Jury Matter of Brown (768 F2d 525 [3d Cir 1985]), also afford the respondents scant, if any support. The most that can be said is that, as the respondents point out, the Edgerton court (supra, p 918, n 4) commented that, in light of United States v Doe and Fisher (supra), "[w]hether the required records exception, which was *699 a response to the Boyd privacy rationale, is still viable after the shift away from the privacy rationale [to the 'act of production’ rationale] remains to be decided.” However, the Brown court (supra, p 528), in discussing various ramifications of the Doe ruling, noted that what they characterized as the "compulsory record” rule had not been weakened "in the slightest,” citing Marchetti v United States (390 US 39), which, in point of fact, at page 57 thereof had discussed the relative applicability, or lack thereof, of the required records doctrine as enunciated in Shapiro v United States (335 US 1, supra).
Finally, and most recently, in January of 1986, the Sixth Circuit Court of Appeals in In re Grand Jury Subpoena Duces Tecum Served Upon Underhill (781 F2d 64), addressed the narrow issue presented herein head on. The Underhill court initially found that odometer statements maintained by automobile dealers are in fact required records. Having so found, and noting the "public aspect” of such records, the Sixth Circuit then declined an express invitation to interpret the "act of production” doctrine espoused in Doe as, sub silentio, overruling Shapiro. In so doing, remanding with instructions that the District Court rescind its order quashing the subpoenas at issue, the Underhill court squarely held that the required records doctrine remains as an exception to the 5th Amendment, notwithstanding that the records would otherwise be privileged under the "act of production” doctrine.
Insofar as case law in our State is concerned, the one appellate-level case in New York State which has, to this court’s knowledge, considered the issue has also squarely rejected respondents’ argument. In Matter of Grand Jury v Kuriansky (113 AD2d 49, 51, supra), the First Department unanimously opined that "we are not persuaded that the Supreme Court in Doe (supra) overruled, or intended to overrule, Shapiro v United States (supra), nor do we believe that the Doe decision is irreconcilable with the continued viability of the required records doctrine.” Thus, at the present time, there appears to be no case whatsoever holding or even intimating, that the required records doctrine is "dead”; to the contrary, the most recent case law squarely holds, and this court would fully agree, that it is still an entirely viable doctrine, representing a specific exception to the 5th Amendment privilege.
Finally, respondent’s final argument, that the records sought are somehow protected by the physician-patient privilege, appears to be completely inapposite in view of the *700 Deputy Attorney-General’s uncontroverted representation that respondents are suppliers of medical equipment, specifically footgear, and are not physicians.
Accordingly, respondents’ motion to quash and/or to modify is hereby denied in all respects.[4] The records sought herein are to be turned over no later than one week from the date the instant decision and order is received by counsel for respondents.

. The second subpoena herein is captioned "Progressive Consulting,” as opposed to "Progressive Labs”; however, respondent has made no issue, nor interposed any challenge insofar as the captioned name is concerned.

. As a threshold matter, it is conceded that both of the respondents, who have been described by the Deputy Attorney-General as "durable medical equipment” providers, i.e., footgear, are in fact Medicaid providers. As such, this court has little question but that the respondents are required to keep the records sought pursuant to 18 NYCRR 540.7 (a) (8).

. There is no question that subsequent to Fisher v United States (425 US 391 [1976]), but prior to United States v Doe (465 US 605 [1984]), the required records doctrine was unhesitatingly viewed as "an exception to the Fifth Amendment privilege. As such, it necessarily overrides the privilege in instances in which the privilege would otherwise apply.” (In re Doe, 711 F2d 1187, 1192 [2d Cir 1983].)

. Respondents’ companion request for disclosure of any electronic surveillance of Bruce Tracy would be denied, at this juncture, as premature. (See, CPL 240.20.)