■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SHELDON FIEDLER, Appellant.—Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered December 15, 1987, convicting him of grand larceny in the third degree, offering a false instrument for filing in the first degree (14 counts) and falsifying business records in the first degree (14 counts), upon his plea of guilty, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant's challenge to the sufficiency of his plea allocution to the crime of grand larceny in the third degree

(Penal Law § 155.35) has not been preserved for appellate review inasmuch as he did not timely move to withdraw his plea prior to sentencing *(see, People v Pellegrino,* 60 NY2d 636). In any event, the defendant's challenge is without merit since the record clearly and adequately reflects that he understood the circumstances and nature of the grand larceny count and that his plea of guilty to that count was entered knowingly and voluntarily *(see, People v Moore,* 71 NY2d 1002, 1005; *People v Nixon,* 21 NY2d 338). The fact that the defendant, a physician, did not expressly admit during the plea allocution that he obtained property in excess of $3,000 by means of his submission of fraudulent Medicaid practitioner claim forms does not require a different result *(see, People v Moore, supra).* As indicated below, the record of the plea proceeding demonstrates that the defendant was well aware of the fact that the grand larceny count of the indictment was based on the prosecution's theory that he had obtained approximately $50,000 from the State as a result of his fraudulent scheme, and the defendant expressly agreed to make restitution in that amount.

The defendant's challenge to his plea to 14 counts of offering a false instrument for filing in the first degree (Penal Law § 175.35) is similarly unpreserved for appellate review by reason of his failure to move to withdraw his plea prior to sentencing *(see, People v Pellegrino,* 60 NY2d 636, *supra).* In any event, we do not agree with the defendant's contention that the filing of fraudulent Medicaid claims with McAuto Systems Group, Inc., a fiscal agent of the State pursuant to Social Services Law § 367-b (8), did not constitute a violation of Penal Law § 175.35 *(see, People v Ahmad,* 126 Misc 2d 410). That section provides, in pertinent part, that in order for a person to be guilty of offering a false instrument for filing in the first degree, he must, *inter alia,* offer such instrument to a public office or public servant. The term public servant is defined as, "(a) any public officer or employee of the state or of any political subdivision thereof or of any governmental instrumentality within the state, or (b) any person exercising the functions of any such public officer or employee" (Penal Law § 10.00 [15]). McAuto Systems Group, Inc. was clearly exercising the functions of a public officer since it had contracted with the Department of Social Services to act as its fiscal agent in processing and making payments on Medicaid claims pursuant to Social Services Law § 367-b (8). Accordingly, in accepting and paying the defendant's fraudulent Medicaid claims, McAuto Systems Group, Inc. was not acting

as a private concern, but rather as a fiscal agent of the State *(cf., People v Miller,* 70 NY2d 903). Finally, it is significant to note that the defendant had actual notice that the submission of fraudulent claims would cause him to be prosecuted under applicable Federal and State laws since a certification containing this information was printed at the bottom of the false claims signed and submitted by the defendant *(cf., People v Miller, supra,* at 907). Mollen, P. J., Brown, Rubin and Sullivan, JJ., concur.