■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARTINEZ, Appellant. (Appeal No. 1.)—Judgment unanimously affirmed. Memorandum: Evaluating the circumstances of this case in light of the five factors identified by the Court of Appeals in *People v Taranovich* (37 NY2d 442, 445), we reject defendant's contention that the trial court erred in denying his motion to dismiss the indictment for violation of his constitutional right to a speedy trial *(see,* CPL 30.20) because of preindictment delay. Although 15 months elapsed between the date of the first drug sale, which is a subject of the indictment, and the date that defendant was indicted, the delay was attributable to the existence of an ongoing undercover drug investigation and the threat to those involved in the investigation if defendant were immediately arrested. Moreover, there was no extended pretrial incarceration of defendant and the crimes that defendant was charged with were serious in nature. Finally, counsel's conclusory allegations that defense witnesses might be unavailable to testify failed to show that the defense was prejudiced by preindictment delay *(see, People v Shafer,* 175 AD2d 564, 565; *People v Bobbit,* 155 AD2d 892, *lv denied* 75 NY2d 810). (Appeal from Judgment of Onondaga County Court, Mulroy, J.—Criminal Sale Controlled Substance, 3rd Degree.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MIGUEL MARTINEZ, Appellant. (Appeal No. 2.)—Judgment unanimously affirmed. Memorandum: We reject defendant's contention that his pleas should be vacated on the ground that he was denied effective assistance of counsel because his attorney jointly represented three codefendants charged under one of the indictments. Defendant failed to demonstrate "that a significant possibility of a conflict of interest existed bearing a substantial relationship to the conduct of the defense" *(People v Recupero,* 73 NY2d 877, 879; *see also, People v McDonald,* 68 NY2d 1; *People v Alicea,* 61 NY2d 23, 30, n; *People v Gomberg,* 38 NY2d 307). Nothing in the record suggests that defendant decided to enter into the plea bargain agreement for any reason other than his own best interests.

We further conclude that defendant's pleas were knowingly, voluntarily and intelligently made.

Finally, we reject defendant's contention that the court erred by summarily denying his motion to suppress contraband seized after defendant's arrest at his home pursuant to an arrest warrant. The evidence, consisting of cocaine and a handgun, was observed in plain view by the officers in the upstairs area of defendant's residence. We conclude that the officers were justified in entering that area to effectuate the arrest warrant because they had observed two men, who were believed to be additional subjects of the arrest warrant, enter defendant's residence. Additionally, the officers were justified in entering that area to conduct a limited protective sweep search because they possessed knowledge that there were other persons in the residence who might have posed a danger to those on the scene *(see, People v Rivera,* 172 AD2d 1059, *lv denied* 78 NY2d 973; *see also, Maryland v Buie,* 494 US 325). The officers thereafter secured a search warrant for the premises and seized the contraband upon execution of the warrant. Under the circumstances of this case, the officers' conduct was reasonable and proper *(see, People v Febus,* 157 AD2d 380, 384-385, *lv granted* 76 NY2d 898, *appeal dismissed* 77 NY2d 835). (Appeal from Judgment of Onondaga County Court, Mulroy, J. —Criminal Possession Controlled Substance, 1st Degree.) Present—Callahan, J. P., Green, Balio, Davis and Doerr, JJ.