◾ The People of the State of New York, Respondent, v Dennis Dargen, Appellant. [607 NYS2d 795] —Judgment unanimously reversed on the law and new trial granted. Memorandum: Defendant's conviction for murder in the second degree and conspiracy must be reversed because County Court's instructions to the jury on reasonable doubt unconstitutionally diminished the People's burden of proof and deprived defendant of a fair trial *(see, People v Brinson,* 195 AD2d 966; *People v LaPlanche,* 193 AD2d 1062, *lv denied* 82 NY2d 756).

There is no merit to the contention that the combination of pre-indictment and post-indictment delay denied defendant his constitutional right to a speedy trial. Although the passage of 4½ years between the homicide and the trial is a significant period of time, neither defendant's liberty nor defense was compromised by the delay *(see, People v Taranovich,* 37 NY2d 442, 445; *People v Martinez* [appeal No. 1], 187 AD2d 992, *lv denied* 81 NY2d 888). This Court previously has determined that the 2½ year period between the homicide and the indictment did not deprive a codefendant of due process and that the People had satisfied their burden of showing good cause for the delay *(see, People v Brinson, supra).* Upon our review of the record, we conclude that the two-year period between the indictment and trial, in combination with the pre-indictment delay, did not deny defendant due process.

We have examined defendant's remaining contentions and find them to be without merit. (Appeal from Judgment of Niagara County Court, Hannigan, J.—Murder, 2nd Degree.) Present—Callahan, J. P., Pine, Fallon, Doerr and Davis, JJ.