■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK L. FELDMAN, Appellant. [611 NYS2d 603] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Moskowitz, J.), rendered May 21, 1991, convicting him of grand larceny in the third degree and offering a false instrument for filing in the first degree (12 counts), upon a jury verdict, and imposing sentence.

Ordered that the judgment is affirmed.

The defendant, a podiatrist, was a participating physician in the Medicaid program. Procedure code 90473 in the Medicaid provider manual for podiatrists provides for "foot molds balanced inlay support (casting, fabrication) per pair to include all necessary fittings and adjustments". The reimbursement rate is $46. Procedure code 90477 provides for "foot molds customized from a stock per pair to include all necessary fittings and adjustments". The reimbursement rate is $18. The evidence at trial established that the defendant never prescribed custom-made orthotics fabricated from casts for his Medicaid patients but rather he furnished a prefabricated stock orthotic after tracing their feet on an order form.

The defendant argues that the prosecution failed to prove

what constituted a 90473 orthotic as compared to a 90477 orthotic and, thus, there was insufficient evidence to establish that his Medicaid claims were false. We disagree. The testimony of Raymond Burkitt of the Medicaid Management Information System explained the procedure code definitions for 90473 and 90477 orthotics from which it was clear that the former is essentially a custom foot mold while the latter is a stock foot mold (see, People v Fischman, 191 AD2d 841). Furthermore, contrary to the defendant's assertion on appeal, the language of procedure code 90473 is not ambiguous and, on its face, gives notice that in order to bill thereunder a podiatrist must have made a three-dimensional mold of his patient's feet (see, People v Donaldson, 181 AD2d 948). Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

Although the defendant contends that the court should have conducted a fuller investigation into the possible outside influence of a juror we find that the evidence adduced at the postverdict hearing sufficiently established that the juror based his determination upon the trial evidence, and that there was no improper juror conduct (see, e.g., People v Loliscio, 187 AD2d 172, 179).

Since the parties stipulated at trial that the defendant received $23,460 from Medicaid as a result of having submitted 510 procedure code 90473 claims and insofar as there was nothing in the record to establish that the defendant was entitled to an offset of this amount, we find there existed an adequate basis upon which the court could calculate restitution. Thus, contrary to the defendant's contention, no restitution hearing was necessary (see, People v Liriano, 184 AD2d 788; People v Kelsky, 144 AD2d 386; People v Raffiani, 83 AD2d 650).

We have considered the defendant's remaining contentions and find them to be without merit. Thompson, J. P., Balletta, Pizzuto and Joy, JJ., concur.