■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EMILIA STROGOV, Appellant. [628 NYS2d 721] —Appeal by the defendant from a judgment of the Supreme Court, Kings County (Greenberg, J.), rendered July 11, 1994, convicting her of grand larceny in the second degree, after a nonjury trial, and imposing sentence.

Ordered that the judgment is affirmed and the matter is remitted to the Supreme Court, Kings County, for further proceedings pursuant to CPL 460.50 (5).

The defendant, a podiatrist, was a participating physician in

the Medicaid program. The evidence at trial established that she systematically defrauded Medicaid by misrepresenting that she had provided custom-made orthotics fabricated from three-dimensional casts for her Medicaid patients and billed Medicaid under its procedure code 90473 when in fact she had only furnished prefabricated orthotics after tracing her patients' feet or taking a footprint.

The defendant argues that the evidence was not legally sufficient to show that code 90473 required a podiatrist to make a cast of the feet and that she so understood it. We disagree. The testimony of Dr. Joseph Guy, Director of the Medicaid Management Information Systems, explained that procedure code 90473 called for a fabricated orthotic device for which the participating provider had taken a plaster cast of the patient's feet. He stated that casting and fabrication were required under this code. Furthermore, contrary to the defendant's assertion on appeal, the language of procedure code 90473 is not ambiguous and, on its face, gives notice that in order to bill thereunder, a podiatrist must have made a three-dimensional mold of her patient's feet (see, People v McDonald, 215 AD2d 504; People v Feldman, 204 AD2d 347). Viewing the evidence in the light most favorable to the People (see, People v Contes, 60 NY2d 620), we find that it was legally sufficient to establish the defendant's guilt beyond a reasonable doubt. Moreover, upon the exercise of our factual review power, we are satisfied that the verdict of guilt was not against the weight of the evidence (see, CPL 470.15 [5]).

We have reviewed the defendant's remaining contentions and find them to be without merit. Copertino, J. P., Santucci, Altman and Krausman, JJ., concur.