OPINION OF THE COURT
Levine, J.
Following a jury trial, defendant McDonald, a podiatrist enrolled as a participating provider in the New York Medical Assistance Program, was convicted of one count of second degree grand larceny (Penal Law § 155.40) and six counts of offering a false instrument for filing in the first degree (Penal Law § 175.35). In an unrelated bench trial, defendant Strogov, also a participating podiatrist, was convicted of second degree grand larceny. The basis for these convictions was defendants’ submission of claims to the Medicaid program for custom-made orthotics "cast and fabricated” to the patients’ feet with the knowledge that they had not in fact provided such appliances to these patients. The Appellate Division affirmed each convic *286 tian, holding that the language of the applicable Medicaid billing code unambiguously provided notice that the creation of a three-dimensional cast of the patient’s feet was required to seek reimbursement under this code (People v McDonald, 215 AD2d 504; People v Strogov, 216 AD2d 424). We agree and, because none of the remaining assignments of error requires reversal, we now affirm.
The New York Medical Assistance Program provides eligible persons with financial assistance for medical care and treatment. Participating physicians submit claims for reimbursement of services provided to program recipients according to the fee schedule contained in the local Department of Social Services Medicaid Provider Manual. The local provider manual must be consistent with the medical services and reimbursement caps prescribed by the State Department of Social Services (see, 18 NYCRR 538.1). At issue in these appeals is the Kings County billing code 90473 (item P602 in the State podiatry fee schedule) which provides:
"Foot mold, balance inlay support (casting and fabrication) per pair, to include all necessary fittings and adjustments.”
The maximum reimbursable rate under this billing code is $46.
Defendants were prosecuted for larcenies emanating from the submission of claims under billing code 90473 for orthotics they dispensed without making a cast or mold of the patient’s feet. According to the trial evidence, the orthotics that defendants McDonald and Strogov billed under this code were ordered by sending either a tracing of the outline of the patient’s feet or a pressure imprint obtained by coating the feet with a solution that interacted with specialized paper to indicate the patient’s weight-bearing and pressure areas, with or without additional prescriptive information, to a laboratory that provided prefabricated stock orthotics.
Defendants do not refute that these two-dimensional measurement techniques were used. They argue instead that the billing code phrase "casting and fabrication” is ambiguous, that the code does not require the creation of a three-dimensional cast or mold, and that the use of a tracing or footprint, in conjunction with additional descriptive information about the patient, provides sufficient information to enable an orthotic manufacturer to create a custom-made orthotic. They thus contend that their use of alternative *287 methods of measurement for orthotics billed under this code does not constitute the crime of larceny as a matter of law.
At both trials, however, expert evidence was presented that the term "casting” has a universally recognized meaning within the podiatric profession: creating a three-dimensional cast or mold which captures the true architecture of the patient’s foot and is then used to create a positive mold which forms the model for the custom-made orthotic. The experts explained that a two-dimensional outline or footprint does not constitute a cast that will conform to the actual shape of the patient’s foot, and thus, such measuring methods cannot be used to create a custom-made orthotic. Accordingly, contrary to defendants’ argument on appeal, the evidence established that code 90473 is not ambiguous and sufficiently conveyed to podiatrists the requirement to use a casting technique that will create a three-dimensional mold of the foot.
As the podiatry fee schedule is intended for use by members of the podiatric profession, the use of technical terms recognized by the profession to describe the scope of permissible work that can be billed under code 90473 provides an explicit and nonarbitrary standard for enforcement of proper Medicaid billing practices and imposing criminal responsibility for flagrant violations thereof. Moreover, because the professionally defined meaning of casting excludes the use of foot tracings or footprints, defendants’ limited rebuttal evidence was insufficient to demonstrate an ambiguity in the billing code or prove that their conduct constituted lawful and noncriminal billing practices.
Defendants alternatively argue that there was legally insufficient evidence that their submission of claims under code 90473 was done with larcenous intent. They contend that because the term casting is ambiguous, the mere act of submitting claims under code 90473 without the creation of a cast or mold does not provide circumstantial evidence of intent to defraud and that, as a consequence, the evidence of criminal intent was legally insufficient. Because we have already concluded that the terms "casting and fabrication” in code 90473 unambiguously require the creation of a cast or positive mold, we reject defendants’ argument that billing for an orthotic made from a tracing or footprint does not constitute circumstantial evidence of larcenous intent.
Moreover, in each of these cases there was additional evidence that defendants intentionally sought reimbursement for *288 a medical service that they did not provide. Defendant McDonald’s former professional partner testified that he agreed with the experts’ definition of casting and that he and defendant purposefully billed Medicaid for custom-made orthotics, which are ordinarily made from casts, when in fact they had dispensed prefabricated devices ordered from mere tracings. This witness also testified that at the suggestion of defendant the partners began using a billing code with a lower reimbursement rate for some of the orthotics normally billed under code 90473 to avoid the appearance of an improper pattern of billing.
As to defendant Strogov, there was evidence that although she ordered prefabricated stock items from tracings and footprints, she instructed an intern to misrepresent the measuring techniques on each Medicaid patient chart as C-F-D, that is, cast, fabricate and dispense. Thus, in each case, the evidence was legally sufficient to support the fact finder’s conclusion that defendants’ improper billing was done with criminal intent.
We have considered defendants’ remaining contentions and conclude that they are either unpreserved or without merit.
Accordingly, in each case the order of the Appellate Division should be affirmed.
Chief Judge Kaye and Judges Simons, Titone, Bellacosa, Smith and Ciparick concur.
In each case: Order affirmed.