■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v LOUIS SCOTTI, Appellant. [649 NYS2d 55] —Peters, J. Appeal from a judgment of the Supreme Court (Keegan, J.), rendered July 11, 1995 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and offering a false instrument for filing in the first degree (22 counts).

Defendant was charged in a 26-count indictment with one count of grand larceny in the second degree* and 25 counts of offering a false instrument for filing in the first degree, stemming from his submission of claims to the Medicaid program for custom-made orthotics which he had not, in fact, provided, as well as his submission of claims for services which he had never rendered. The indictment, arising out of a two-year Grand Jury investigation of not only defendant but also other podiatrists, was dismissed on September 11, 1991 and later reinstated on appeal (*see, People v Perry*, 199 AD2d 889, *lv denied* 83 NY2d 856). Following a jury trial, defendant was convicted of all but three counts of the indictment, sentenced to a term of incarceration and ordered to pay restitution.

Defendant contends that the evidence was legally insufficient to support his convictions on those counts alleging that he falsely submitted Medicaid claims under procedure code 90473, detailing the provision of a custom-made orthotic appliance, when he had only arranged for the provision of stock orthopedic appliances, properly reimbursable under a different procedure code at a significantly reduced rate. Upon the testimony of Gregory Sands, operator of Ortho-rite (the company which provided the prefabricated appliances to defendant's patients), Lenore Belak, Associate Special Auditor/Investigator for the Medicaid Fraud Control Bureau (who compared defendant's provider files showing the date he claimed to have provided the custom-made orthotic devices for specific patients to invoices from Ortho-rite), and Raymond Burkitt, Assistant Director of the Department of Social Services' Bureau of

---

* This charge was later redenominated grand larceny in the third degree (Penal Law § 155.35, as amended by L 1986, ch 515, § 2).

Medicaid Management Information System Operations Support (who described the Medicaid claim processing system in detail), we find that there was a sufficient evidentiary basis upon which the jury rationally concluded that defendant was guilty as charged (*see, People v Bleakley*, 69 NY2d 490, 495).

We further find no merit to defendant's contention that the failure to create a cast or mold, when billing for a custom-made orthotic device, was error (*see, People v McDonald*, 88 NY2d 281; *People v Fischman*, 191 AD2d 841, *lv denied* 81 NY2d 1013). We similarly reject defendant's argument that the filing of claims for reimbursement with the Computer Sciences Corporation, a private concern, cannot form the basis of a charge alleging that he offered a false instrument for filing since such corporation is neither a public servant nor a public office (*see*, Penal Law § 175.35). We find the reasoning of the Second Department in *People v Fiedler* (155 AD2d 613, *lv denied* 75 NY2d 868) unassailable. Here, as in *Fiedler*, when such corporation is hired by the State to facilitate and process claims and payments under Medicaid, it is deemed to engage in conduct as a fiscal agent of the State (*supra*, at 614).

In addition to expert testimony and documentary evidence, the People presented the testimony of several Medicaid recipients, all former patients of defendant, who detailed the treatment and nontreatment by him during the period covered by the indictment. We find no error in Supreme Court permitting these witnesses to testify to billing charges incurred for podiatric services they never received, notwithstanding the fact that such charges were not included in any count of the indictment. This testimony was offered solely to prove defendant's larcenous intent (*see, People v Bayne*, 82 NY2d 673; *People v Alvino*, 71 NY2d 233; *People v Molineux*, 168 NY 264, 293) since, at trial, defendant contended that he never billed Medicaid for a service or treatment that he did not provide. In light of Supreme Court's repeated limiting instruction, we find no error (*see, People v Satiro*, 72 NY2d 821).

Similarly unavailing is defendant's contention that the pre-indictment delay, appellate delay and delay of his trial following this Court's remittal of the case to Supreme Court (*see, People v Perry, supra*) denied him his fundamental right to a speedy trial. Although the delay between the commencement of the investigation and defendant's eventual conviction was lengthy, we are not persuaded that these delays, taken either individually or as a group, constitute sufficient cause to conclude that a deprivation of due process has occurred (*see generally, People v Goss*, 87 NY2d 792; *People v Fuller*, 57 NY2d

152; *People v Dargen*, 201 AD2d 882; *People v Aaron*, 201 AD2d 574, *lv denied* 83 NY2d 908; *People v Grafton*, 136 AD2d 960, *affd* 73 NY2d 779).

To the extent that defendant claims that his sentence is unduly harsh, we find that he has failed to show extraordinary circumstances or an abuse of Supreme Court's discretion sufficient to warrant modification in the interest of justice (*see, People v Gaddy*, 191 AD2d 735, *lv denied* 82 NY2d 718; *People v Tinning*, 142 AD2d 402, *lv denied* 73 NY2d 1022).

We do, however, find an error in sentencing. Noting that defendant was sentenced to an indeterminate term of incarceration of 2 to 6 years on the grand larceny conviction and 1 to 3 years on each of the 22 counts alleging the offering of a false instrument for filing, with counts 17 and 21 to run consecutively to the term imposed under the grand larceny conviction, we must conclude that this imposition of consecutive sentences was error (*see, People v Laureano*, 87 NY2d 640).

Accordingly, the judgment of Supreme Court must be modified to provide that defendant's sentences all run concurrently.

Mikoll, J. P., White, Yesawich Jr. and Carpinello, JJ., concur. Ordered that the judgment is modified, on the law, by reversing so much thereof as imposed consecutive sentences on the convictions under counts 17 and 21 of the indictment; all sentences imposed are to run concurrently, and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.