■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PEDRO TORRES, Appellant. [654 NYS2d 468] —Mikoll, J. Appeal from a judgment of the Supreme Court (Teresi, J.), rendered January 12, 1996 in Albany County, upon a verdict convicting defendant of the crimes of grand larceny in the second degree and offering a false instrument for filing in the first degree (seven counts).

Defendant, a licensed podiatrist and a participating provider in the State Medical Assistance Program (hereinafter Medicaid), was indicted on one count of grand larceny in the second degree (*see*, Penal Law former § 155.35)* and 10 counts of offering a false instrument for filing in the first degree (Penal Law § 175.35). The first count implicated defendant's knowing submission of false claims to Medicaid from December 1985 through August 1986 for custom-made orthotics, which services he had not rendered, resulting in payment to defendant of approximately $20,608. Counts 2 through 11 stem from defendant's submissions of claims to Medicaid pursuant to procedure code 90473 of the Medicaid Provider Manual from January 1986 through December 1986, knowing that such services had not been provided. Following a jury trial, defendant was convicted of all charges except those alleged in counts 4, 6 and 11, and was sentenced to a prison term of $2^{1}/_3$ to 7 years on the grand larceny conviction and 1 to 3 years each on the seven counts of offering a false instruments for filing, each of which was to run concurrently with each other but consecutively to the grand larceny sentence. Defendant was also ordered to pay restitution in the amount of $20,608. This appeal ensued.

Defendant challenges his conviction on several grounds: the

---

* At the time of defendant's alleged criminal acts, Penal Law § 155.35 constituted grand larceny in the second degree. As reflected in the indictment, Penal Law § 155.35 had been redenominated grand larceny in the third degree (L 1986, ch 515, § 2). Defendant was nevertheless tried and convicted of grand larceny in the second degree; however, defendant was appropriately given the benefit of being sentenced pursuant to a class D felony according to the present Penal Law § 155.35 (grand larceny in the third degree) (*see generally, People v Behlog*, 74 NY2d 237).

erroneous introduction of evidence of uncharged crimes, the vagueness of Medicaid procedure code 90473 and the erroneous imposition of consecutive sentences. Defendant also urges that the sentences imposed are harsh and excessive.

As to the admission of uncharged crimes, defendant contends that he did not put in issue his intent to commit the crimes and did, in fact, admit his submission of the bills to Medicaid, though he did not admit their illegality. Defendant therefore urges that Supreme Court erred in admitting any evidence of uncharged crimes. We disagree. Defendant's strategy was to demonstrate that he billed Medicaid in good faith and that he believed that the services he provided were authorized based on the wording of the procedure codes. This strategy constitutes the defense of mistake. We conclude that the evidence, consisting of testimony of various patients regarding their treatment, was probative on the question of the legitimacy of defendant's defense. The evidence of treatment was compared with evidence of defendant's billing submitted to Medicaid, which indicated a blatant inconsistency with the treatment given to the patients. The evidence was cogent to prove intent and lack of mistake. We find too that the probative value of the evidence of the uncharged crimes was not outweighed by the prejudicial effect to defendant and the evidence was properly admitted into evidence (*see, People v Scotti*, 232 AD2d 775, 776; *People v Linderberry*, 215 AD2d 867, 870, *lv denied* 86 NY2d 844). Further, the court's limiting instructions forestalled any undue prejudice to defendant.

To the extent that defendant claims that Medicaid procedure code 90473 is vague in that it is unclear whether a three-dimensional cast or mold is required or whether the foot outline procedure done by defendant falls within its parameters, we reject such contention. The use of terms employed in procedure code 90473 are recognized technical terms (*see, People v McDonald*, 88 NY2d 281, 287) and obviously eliminate charging for a cast or mold of a patient's foot when only a tracing of the outline of a foot is done, followed by supplying the patient with a stock orthotic device. The latter obviously falls under the rubric of another procedure code (*see*, Medicaid Procedure Code 90477).

The People agree with defendant's contention that the grand larceny sentence should run concurrently with the other charges since the grand larceny charge was a continuing crime and the crime of offering a false instrument for filing arose from the same occurrence (*see, People v Laureano*, 87 NY2d 640, 643; *People v Scotti, supra*, at 57), and we concur as well.

We reject defendant's contention that his sentence was unduly harsh and excessive. Defendant has not shown the existence of extraordinary circumstances or abuse of Supreme Court's discretion warranting our intervention.

Cardona, P. J., Crew III, Yesawich Jr. and Spain, JJ., concur. Ordered that the judgment is modified, on the law, by providing that defendant's sentences run concurrently; matter remitted to the Supreme Court, Albany County for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.