[657 NYS2d 526]

In the Matter of Roberta Reno, Respondent, v Michael Van Voris et al., as Members of the East Greenbush Town Board, Appellants.

Third Department, May 22, 1997

## APPEARANCES OF COUNSEL

*McNamee, Lochner, Titus & Williams, P. C.,* Albany *(David J. Wukitsch* of counsel), for appellants.

*Lawrence H. Long,* Albany *(James E. Long* of counsel), for respondent.

### OPINION OF THE COURT

WHITE, J.

In January 1978, petitioner was appointed as a Town Court Clerk by the Town Board of the Town of East Greenbush in Rensselaer County. She was reappointed annually and in 1988 was appointed Senior Town Court Clerk. She served in that position, assisting both Town Justices, until March 1996 when she was appointed as Court Clerk to Town Justice Charles Assini, Jr. and began working solely under his direction. Apparently as a result of problems identified in a State audit, Town Justice Catherine Cholakis, the other East Greenbush Town Justice who had taken office on January 1, 1996, wrote to the Town Supervisor on March 22, 1996 indicating that petitioner was uncooperative in correcting deficiencies that had been noted in the audit and formally demanded that petitioner be terminated immediately. Justice Cholakis subsequently submitted an affidavit alleging other problems that she had experienced with petitioner. After reviewing the matter, the Town Board passed a resolution on June 12, 1996 immediately suspending petitioner without compensation until further notice. Petitioner commenced this proceeding in September 1996 to annul the Town Board's action. Supreme Court ordered that petitioner be reinstated with full retroactive pay and benefits and this appeal ensued.

The determination of this case is governed by a 1990 amendment to Town Law § 20 (1) (a), which in pertinent part states that "[t]he clerk of the court of a town shall be employed and discharged from employment only upon the advice and consent of the town justice or justices". Respondents contend that Supreme Court erred not only in holding that this law applies to suspensions of a Court Clerk but also in finding that petitioner's suspension was tantamount to a discharge. They assert that petitioner was suspended pending the completion of an ongoing investigation, i.e., another State audit; however,

there is nothing in the record to indicate that said suspension was linked to the completion of an audit. Further, this proceeding was commenced more than 90 days after petitioner's suspension and no time limit was fixed and no hearing was scheduled, nor was any compensation afforded petitioner. Therefore, we agree that under these circumstances Supreme Court appropriately determined that petitioner's unconditional and indefinite suspension without pay fell within the purview of Town Law § 20 (1) (a) under the plain and ordinary meaning of the term "discharged".

Respondents further argue that even treating the suspension of petitioner as a discharge, the consent by Justice Cholakis is sufficient to support the resolution of the Town Board even though Justice Assini refused to consent to any disciplinary action. The resolution of this issue depends upon statutory interpretation and our primary consideration is to ascertain and give effect to the Legislature's intent so as to prevent a narrow construction from thwarting the legislative design (*see,* McKinney's Cons Laws of NY, Book 1, Statutes § 92 [a]; *see also, Matter of Long v Adirondack Park Agency,* 76 NY2d 416, 422; *Matter of State of New York v Ford Motor Co.,* 74 NY2d 495, 500). From a review of the memoranda in support of the bill, it is clear that the legislative purpose behind the amendment to Town Law § 20 (1) (a) was to blend the actions of the Town Board with the wishes of the Town Justice to whom the Court Clerk reports and to provide Town Justices with control over the selection and removal of their Court Clerks (*see,* Sen. Volker's Mem in Support, 1990 NY Legis Ann, at 137; Assembly Sponsor's Mem in Support, Bill Jacket, L 1990, ch 252, at 6; Mem of Off of Ct Admin, 1990 McKinney's Session Laws of NY, at 2925; Mem of Secretary of State, Bill Jacket, L 1990, ch 252, at 12). As Town Justices are accountable for large sums of money collected from fines, fees and forfeitures, it follows that each Justice has been given the authority to approve the employment of his or her clerk (*see,* 1991 Atty Gen [Inf Opns] 49). In addition, the Senate sponsor's memorandum in support of the legislation specifically denotes that the "bill mentions justices because towns usually have two, but they file separate reports for the cases considered by each" (1990 NY Legis Ann, at 137).

Since petitioner at the time of her suspension was responsible solely to Justice Assini, we conclude that his consent was required before the Town Board would be authorized to discharge petitioner. Therefore, based upon our interpretation of

the legislative intent, we find that the action of the Town Board in suspending petitioner was appropriately annulled by Supreme Court as being in violation of Town Law § 20 (1) (a).

MIKOLL, J. P., MERCURE, CREW III and PETERS, JJ., concur.

Ordered that the judgment is affirmed, with costs.