■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ANDERS HOLMBERG, Appellant. [663 NYS2d 334] —Yesawich Jr., J. Appeal from a judgment of the Supreme Court (Lamont, J.), rendered April 12, 1996 in Albany County, convicting defendant following a nonjury trial of the crimes of grand larceny in the third degree and offering a false instrument for filing in the first degree (10 counts).

Defendant, a licensed podiatrist and participating provider in the State Medical Assistance Program (hereinafter Medicaid), was charged with, *inter alia*, grand larceny stemming from allegations that he knowingly submitted false Medicaid claims from January 1985 through December 1986, receiving more than $40,000 in payment thereof. The claims at issue relate to the furnishing of orthotics, devices worn inside a patient's shoes to change the weight-bearing pattern of the foot. The People demonstrated at trial that on many occasions during the relevant time period defendant submitted claims for payment using Medicaid billing code 90473, which indicates that a custom orthotic has been prepared from a three-dimensional cast of the patient's feet, when in fact he had created no such cast but had used a different (and apparently less expensive and/or time-consuming) process called a "pedograph" to obtain the necessary foot measurements.

Defendant did not deny having used the latter procedure in most of the 880 instances in which he had submitted claims using code 90473. Rather, he argued that criminal liability should not attach because he had been operating under a good-faith belief—premised upon an earlier court decision assert-

edly involving similar claims—that the pedograph was an appropriate means of acquiring the information necessary to fabricate custom orthotics, and that as long as such devices were indeed provided to the patient it was legally acceptable to bill as he did. Supreme Court, rejecting defendant's arguments, found him guilty on all counts. Sentenced to serve concurrent terms of 180 days' incarceration and five years' probation on each of the 11 counts, and to pay restitution of $40,480, defendant appeals.

There is no reason to disturb the grand larceny conviction. As the Court of Appeals recently observed, the Medicaid code description at issue "is not ambiguous" and its use of the word "casting", a term having "a universally recognized meaning within the podiatric profession", "sufficiently convey[s] to podiatrists the requirement to use a casting technique that will create a three-dimensional mold of the foot" (*People v McDonald*, 88 NY2d 281, 287; *see, People v Feldman*, 204 AD2d 347, 348). The People's expert expressed a similar opinion. Moreover, the act of claiming payment under this code without having created such a three-dimensional mold—where, as here, defendant admitted the motivation for doing so was to benefit financially—constitutes circumstantial evidence of larcenous intent (*see, People v McDonald, supra,* at 287).

Nor can Supreme Court be faulted for rejecting, as implausible, defendant's contention that he acted in good faith on the basis of his perception of the holding in *People v Rubin* (101 AD2d 71). That case involved a predecessor of code 90473 and its application by the Erie County Department of Social Services. There, the Fourth Department expressly noted that the relevant fee schedule referred to two-dimensional techniques (e.g., pedograph, phenophthalein) as acceptable measuring methods; the same is not true of the State-wide code and fee schedule at issue here. Inasmuch as the same code definition was not involved, the *Rubin* holding does not "actually permit[ ] the conduct in question" (*People v Marrero*, 69 NY2d 382, 387); hence, the mistake of law defense relied upon by defendant is unavailing (*see, id.; see also,* Penal Law § 15.20 [2]). In any event, defendant's contention that the application of that defense compels a verdict in his favor is unconvincing for, although defendant avers that he honestly, albeit mistakenly, believed that his billings were authorized by the *Rubin* holding, and thus did not harbor the requisite specific intent (*see, People v Marrero, supra,* at 391), this essentially presented a credibility question which Supreme Court, not unreasonably, resolved in the People's favor.

Given the attendant circumstances, defendant's admission that he submitted over 400 claims, each for payment of $46, using procedure code 90473, when he had not actually performed the casting required thereby, provides legally sufficient evidence of his guilt to support the conviction for grand larceny in the third degree. Furthermore, on the record as a whole, we hold the view that Supreme Court, in finding defendant guilty of this charge, gave the evidence the weight it should be accorded (*see, People v Bleakley*, 69 NY2d 490, 495).

Defendant's other convictions must, however, be reversed, in the interest of justice, for the People did not carry their burden of demonstrating that the specific claims recited in counts 2 through 11 actually contained false statements. Notably, defendant's testimony that he prepared three-dimensional casts for some of his Medicaid patients was uncontroverted and, absent definitive proof that such casts were not made for the 10 patients identified in the indictment, the convictions stemming therefrom cannot be said to have been proven beyond a reasonable doubt.

Defendant's remaining contentions, including his challenge to the propriety of the sentence imposed on the larceny conviction, are unconvincing (*see, e.g., People v Torres*, 237 AD2d 650, 651-652).

Crew III, J. P., White, Spain and Carpinello, JJ., concur. Ordered that the judgment is modified, as a matter of discretion in the interest of justice, by reversing so much thereof as found defendant guilty of the crime of offering a false instrument for filing (counts 2 through 11); said counts are dismissed and matter remitted to the Supreme Court for further proceedings pursuant to CPL 460.50 (5); and, as so modified, affirmed.