[667 NYS2d 845]

In the Matter of Charles M. Momah, Petitioner, v Kathleen M. Rogers, as St. Lawrence County Judge, et al., Respondents.

Third Department, January 29, 1998

## APPEARANCES OF COUNSEL

*Goldman & Hafetz,* New York City *(Elizabeth M. Johnson* of counsel), for petitioner.

*Dennis C. Vacco, Attorney-General,* Syracuse *(Norman S. Hatt* of counsel), respondent *pro se.*

## OPINION OF THE COURT

YESAWICH JR., J.

Petitioner, a physician formerly practicing in St. Lawrence County, was indicted on charges of grand larceny, filing a false instrument and engaging in a scheme to defraud stemming from allegations that he intentionally overbilled Medicaid and other insurers on multiple occasions from 1990 to 1994. He seeks an order prohibiting respondents from proceeding to trial on the indictment, contending that he is entitled to transactional immunity inasmuch as he provided his medical records to the Grand Jury in St. Lawrence County as required by a subpoena duces tecum.

To comply with the Grand Jury subpoena—as it had been enforced by a court in the State of Washington, to which petitioner had relocated in 1995—petitioner made his records available in Seattle, Washington, for copying by the respondent Attorney-General. The records were copied and shipped, at the latter's expense, to New York, and were present when petitioner appeared to testify before the Grand Jury as commanded. Although petitioner was released from having to testify and did not enter the Grand Jury room or give testimony, his request to have the copies of his records returned was refused. Instead, the records were taken into the Grand Jury room, and ultimately authenticated by another witness and entered into evidence.

Petitioner moved before respondent County Judge, *inter alia,* to dismiss the indictment with prejudice, maintaining that he had received automatic immunity pursuant to CPL 190.40 or, in the alternative, that the prosecutor had acted improperly by presenting the records to the Grand Jury without petitioner's

permission. Insofar as relevant here the motion was denied, prompting petitioner to commence this proceeding.

Unless specifically excepted by statute, a witness who "gives evidence" before the Grand Jury automatically receives transactional immunity with respect to the subject of that evidence (CPL 190.40 [2]). Immunity is not acquired, however, if the proof tendered consists merely of "books, papers, records or other physical evidence of an enterprise * * * the production of which is required by a subpoena duces tecum", and with respect to which "the witness does not possess a privilege against self-incrimination" (CPL 190.40 [2] [c]). Petitioner asserts that this exception is inapplicable, because the patient records he compiled in the course of his solo medical practice—the production of which, he concedes, does not implicate his right to avoid self-incrimination (see, People v Doe, 59 NY2d 655, 657)—cannot be considered those of an "enterprise". County Court disagreed, as do we.

For the purpose of the immunity statute, the term "enterprise" is defined as: "any entity of one or more persons, corporate or otherwise, public or private, engaged in business, commercial, professional, industrial, eleemosynary, social, political or governmental activity" (Penal Law § 175.00 [1]). By its very description, this term encompasses petitioner's medical practice, an "entity of one * * * person[ ] * * * engaged in * * * professional * * * activity". Petitioner's contention that the medical records at issue are his personal records, not those of an entity, and that an individual physician's practice cannot be considered an entity because it has no separate legal existence, is unpersuasive. Significantly, the records of a medical practice, even those of a sole practitioner, are not the physician's private property, nor are they held "in a purely personal capacity" (People v Doe, 90 AD2d 669, affd 59 NY2d 655, supra). Hence, it is in no way illogical to conclude that such records are those of an "entity"—namely, the medical practice itself—which is separate and distinct, for these purposes, from the individual physician conducting that practice.

Moreover, to adopt the interpretation petitioner urges would frustrate the purpose behind this exception to the general immunity provision. When the exception was enacted, it was recognized that the conferral of immunity was necessary to enable a Grand Jury to obtain evidence that could otherwise be rendered unavailable by an individual's invocation of the constitutional privilege to refrain from self-incrimination, and

that it was inappropriate to allow a witness to procure immunity simply by producing evidence which he or she has no right to withhold (*see,* Bill Jacket, L 1975, ch 454; Bill Jacket, L 1970, ch 996). That is precisely what petitioner seeks to accomplish here; given the underlying aim of the statutory scheme, it would be incongruous—and would frustrate the Legislature's intent—were we to adopt the unduly narrow construction of the words "entity" and "enterprise" that petitioner proposes (*see, Matter of Reno v Van Voris,* 230 AD2d 296, 298; *cf., Matter of Rouss,* 221 NY 81, 91, *cert denied sub nom. Rouss v Association of Bar of City of N. Y.,* 246 US 661).

CARDONA, P. J., MERCURE, PETERS and CARPINELLO, JJ., concur.

Adjudged that the petition is dismissed, without costs.