OPINION OF THE COURT
Memorandum.
Order reversed without costs, motion to enter default judg *603 ment granted and matter remanded to the court below for all further proceedings.
Plaintiff commenced an action against defendant to recover penalties for violation of the Agriculture and Markets Law. Defendant failed to appear and plaintiff moved for entry of a default judgment. The lower court held that plaintiff had no standing to commence the action and dismissed it. However, a review of the record on appeal indicates that the Attorney-General, who is specifically empowered under sections 8 and 44 of the Agriculture and Markets Law to bring such actions, authorized the Commissioner of Agriculture to do so. The authorization did not divest the Attorney-General of the control and discretion concerning the commencement and prosecution of actions involving penalties and it is apparent that the Attorney-General retains the authority to revoke the Commissioner’s right to bring them. Accordingly, the lower court erred by denying plaintiff’s motion and dismissing the complaint and the Commissioner is entitled to the entry of a default judgment following an inquest (see, Matter of Moe v Kuriansky, 120 AD2d 594; Matter of Doe v Kuriansky, 158 Misc 2d 797; 2 NY Jur 2d, Administrative Law, § 75).