■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CHI YUAN HWANG, Appellant. [768 NYS2d 323]—

Judgment, Supreme Court, New York County (John Stackhouse, J.), rendered November 7, 2001, convicting defendant, after a jury trial, of two counts of offering a false instrument for filing in the first degree, and sentencing him to concurrent terms of five years probation, with a $1,000 fine on each count and restitution to be determined separately, unanimously affirmed.

The court properly exercised its discretion in its *Molineux* (*People v Molineux*, 168 NY 264 [1901]) rulings. All of the evidence at issue was relevant to defendant's motive and intent, as well as tending to dispel the notion that there was an innocent explanation for his conduct, and the potential for prejudice did not outweigh the probative value of this evidence (*see e.g. People v Alvino*, 71 NY2d 233 [1987]; *People v Marrin*, 205 NY 275 [1912]; *People v Torres*, 237 AD2d 650 [1997]). Moreover, any prejudice was minimized by the court's appropriate limiting instructions.

The verdict was based on legally sufficient evidence and was not against the weight of the evidence. The elements of falsity and fraudulent intent could be readily inferred from the evidence.

Even assuming arguendo that the court should have instructed the jury that certain witnesses were accomplices as a matter of law, rather than submitting the issue of accomplice status to the jury as a question of fact, there was ample corroborating evidence tending to connect defendant to the crime (*see People v Besser*, 96 NY2d 136 [2001]; *People v McAndris*, 300 AD2d 1 [2002], *lv denied* 99 NY2d 630 [2003]), and any error in this regard would be harmless (*see People v Adams*, 185 AD2d 680 [1992], *lv denied* 80 NY2d 926 [1992]).

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Buckley, P.J., Nardelli, Mazzarelli and Sullivan, JJ.