■ In the Matter of NASSAU COUNTY GRAND JURY SUBPOENA DUCES TECUM DATED JUNE 24, 2003. "DOE LAW FIRM" et al., Appellants; ELIOT SPITZER, as Attorney General of the State of New York, Respondent. [776 NYS2d 863]—

In a proceeding pursuant to CPLR 2304 to quash or limit a grand jury subpoena duces tecum, the petitioners appeal from an order of the County Court, Nassau County (Brown, J.), dated September 22, 2003, which denied the application.

Ordered that the order is affirmed, with costs.

Contrary to the appellants' contention, under the circumstances, compliance with the subpoena would not violate their state constitutional privilege against compulsory self-incrimination (*see Bellis v United States,* 417 US 85, 88, 101 [1974]; *People v Doe,* 59 NY2d 655 [1983]; *see also Matter of Grand Jury Subpoena Duces Tecum Dated Dec. 14, 1984, Y., M.D., P.C. v Kuriansky,* 69 NY2d 232, 242 [1987], *cert denied sub nom. Y & X v Kuriansky,* 482 US 928 [1987]; *Henry v Lewis,* 102 AD2d 430, 433 [1984]), or their right to be free from unreasonable searches and seizures (*see Matter of Grand Jury Subpoenas for Locals 17, 135, 257 & 608 of United Bhd. of Carpenters & Joiners of Am., AFL-CIO,* 72 NY2d 307, 315-317 [1988], *cert denied* 488 US 966 [1988]; *Matter of Hynes v Moskowitz,* 44 NY2d 383, 394-395 [1978]). Moreover, under the circumstances, requiring the appellants to comply with the subpoena would not cause them to violate the attorney-client privilege (*see Matter of Priest v Hennessy,* 51 NY2d 62, 69-71 [1980]).

The appellants' remaining contentions are without merit. Florio, J.P., Smith, Crane and Rivera, JJ., concur.