■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RICHARD HICKS, Appellant. [614 NYS2d 14] —Judgment, Supreme Court, New York County (Jerome Hornblass, J.), rendered September 4, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to two concurrent terms of 4½ to 9 years, unanimously affirmed.

We find that the People disproved defendant's agency defense beyond a reasonable doubt, and by overwhelming evidence *(see, People v Herring,* 83 NY2d 780).

When defendant, who had been represented by counsel through jury selection, asked to continue the trial on a *pro se* basis, with standby counsel, the court should not have granted that request without first conducting a searching inquiry into defendant's understanding of the risks of self-representation, which was not done until after its preliminary instructions, the People's opening statement, and a brief hearing on an uncontested matter had already transpired. However, we find this brief delay to be harmless error in the circumstances of this case *(see, People v Slaughter,* 78 NY2d 485, 492; *People v Navarro,* 96 AD2d 1126, 1127; *see also, People v Cabassa,* 79 NY2d 722, 730-731, *cert denied sub nom. Lind v New York,* — US —, 113 S Ct 633). We reject the argument that defendant was effectively without counsel during that brief interval, and find from all the circumstances that there is no reasonable possibility that defendant's exercise of his right of self-representation was affected by the untimeliness of the court's inquiry *(see, People v Whitted,* 113 AD2d 454). This is particularly so since the defendant confirmed the knowing and intelligent election to proceed *pro se* after the belated warnings were given.

We find that defendant clearly waived any claim that the courtroom should have been kept open during the undercover "ghost" officer's testimony, and find, in any event, that the

People adduced sufficient evidence to warrant closure (see, *People v Martinez*, 82 NY2d 436, 443).

Defendant explicitly waived any objection to (see, *People v Rosen*, 81 NY2d 237, 244-246), and could not have been prejudiced by, his absence from the court's sidebar colloquy with a sworn juror who refused to speak in defendant's presence and had expressed a strong inclination to convict, and who was subsequently removed from the jury at defendant's personal behest.

Defendant failed to preserve his claim that the court should have instructed the jury on the legal effect of a prior inconsistent statement, and we decline to review it in the interest of justice. Concur—Rosenberger, J. P., Wallach, Kupferman, Ross and Nardelli, JJ.