People v Spellicy (2023 NY Slip Op 03099)

People v Spellicy

2023 NY Slip Op 03099

Decided on June 9, 2023

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 9, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., LINDLEY, CURRAN, BANNISTER, AND MONTOUR, JJ.

136 KA 19-00344

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
FRANCIS SPELLICY, DEFENDANT-APPELLANT. 

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (KRISTEN N. MCDERMOTT OF COUNSEL), FOR DEFENDANT-APPELLANT.
WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (BRADLEY W. OASTLER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Onondaga County (Gordon J. Cuffy, A.J.), rendered November 8, 2018. The judgment convicted defendant upon a jury verdict of burglary in the third degree, possession of burglar's tools and attempted petit larceny. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of burglary in the third degree (Penal Law § 140.20), possession of burglar's tools (§ 140.35), and attempted petit larceny (§§ 110.00, 155.25). We affirm.
Defendant contends that his constitutional right to self-representation (see generally US Const 6th, 14th Amends; NY Const, art I, § 6; People v LaValle, 3 NY3d 88, 106 [2004]) was violated when Supreme Court did not grant his request to proceed pro se until six days before trial. Specifically, defendant contends that, as a result of the delay, he "was unable to properly prepare for trial." Initially, we note that defendant's contention with respect to the delay in granting his request and its effects on trial preparation is subject to harmless error analysis. That is because defendant's contention is not that his right to self-representation was violated; rather, he challenges the timing and manner of the court's decision to permit him to proceed pro se (cf. McKaskle v Wiggins, 465 US 168, 177 n 8 [1984], reh denied 465 US 1112 [1984]; People v LaValle, 3 NY3d 88, 106 [2004]; see generally People v Lott, 23 AD3d 1088, 1089 [4th Dept 2005]; People v Hicks, 205 AD2d 478, 478 [1st Dept 1994], lv denied 84 NY2d 868 [1994]). Even assuming, arguendo, that the court erred in that regard, we conclude that the error was harmless under the circumstances of this case (see generally People v Crimmins, 36 NY2d 230, 237 [1975]). We further conclude that defendant's remaining contentions with respect to the right to self-representation lack merit.
Contrary to defendant's further contention, the court did not err in allowing the People to introduce into evidence at trial a statement made by defendant after his arrest, which the court had originally suppressed. We conclude that the court properly determined that defendant opened the door to that evidence during his cross-examination of one of the police officers who had been present at the time of defendant's arrest (see People v Gonzalez, 145 AD3d 1432, 1433 [4th Dept 2016], lv denied 29 NY3d 1079 [2017]; see generally People v Melendez, 55 NY2d 445, 451 [1982]). Inasmuch as defendant's cross-examination of that witness may have created a misimpression, the People were entitled to correct that misimpression, even through testimony regarding defendant's suppressed statement (see People v Paul, 171 AD3d 1467, 1469 [4th Dept 2019], lv denied 33 NY3d 1107 [2019], reconsideration denied 34 NY3d 953 [2019], cert denied — US —, 140 S Ct 1151 [2020]; People v Cordero, 110 AD3d 1468, 1470 [4th Dept 2013], lv denied 22 NY3d 1137 [2014]; see generally People v Hill, 284 AD2d 193, 194 [1st Dept 2001], lv denied 96 NY2d 919 [2001]).
Entered: June 9, 2023
Ann Dillon Flynn
Clerk of the Court